## FORD *v*. ADAMS.

| 54 | 137 |
| --- | --- |
| 62 | 407 |

Decided January 17, 1891.

1.  *Judgment—Constructive service.*
    Personal judgment cannot be rendered upon constructive service. Mansf. Dig., sec. 5200.

2.  *Process—Steamboat owner.*
    A judgment in a justice's court against the owner of a steamboat upon service of process had in another county is void, unless the record shows the steamboat was "found" in the county in which the action was commenced. Mansf. Dig., sec. 4986.

APPEAL from *Desha* Circuit Court.

JOHN M. ELLIOTT, Judge.

*J. W. Dickinson* for appellant.

The justice certainly had jurisdiction of the subject matter, and hence the only question is, did he acquire jurisdiction of the persons ? Mansf. Dig., secs. 4986–7–8, would seem to settle this.

As to errors in assumption of jurisdiction, the office and scope of *certiorari* and the remedy by appeal, see 28 Ark., 87 ; 37 *id.*, 318 ; 44 *id.*, 509 ; 43 *id.*, 341.

*Murphy & Gates* for appellees.

This being a proceeding under a "special statute" (Mansf. Dig., secs. 4986–7–8), its provisions must be strictly followed ; every fact necessary must be affirmatively shown. 64 N. C., 132. The action was commenced by filing a complaint and issuing summons, and as the jurisdiction is governed by sec. 4029 Mansf. Dig., the service was void. If those sections were ever the law they are repealed by sec. 4035 Mansf. Dig.

Nor is there any allegation that the boat was "found" in Desha county, and nothing in the record to show it. *Certiorari* was the proper practice. 39 Ark., 347 ; 28 *id.*, 87.

HUGHES, J. Appellant filed a complaint against appellees before a justice of the peace of Desha county, Arkansas, stating that appellees were indebted to him in the sum of

$67.30, and claiming $30 damages, alleging that the appellees were part owners of the steamboat James Lee, and had chartered said steamer, and were running her on the Mississippi river, carrying freight and passengers for hire, and that they were responsible for contracts made by themselves or her master, Mark Cheek, who was running said boat as a common carrier; that the appellant, on the 15th day of January, 1889, by his agent, delivered upon said boat, at Arkansas City, a lot of goods and merchandise of the value of $67.30, to be carried for a consideration, and to be delivered at Stormville, Mississippi, a way landing between Memphis and Arkansas City; that the said goods were not delivered at Stormville. Summons was issued upon the filing of the complaint, by the justice of the peace, directed to any constable of Desha county, commanding him to summon appellees to appear before said justice on the 15th day of July, 1889, and answer the complaint, which summons was served on appellee, John D. Adams, at Little Rock, Arkansas, by the sheriff of Pulaski county, and on appellee, James Lee, at Memphis, Tennessee, by one Jesse Williams, whose return was sworn to. On the return day judgment by default was rendered against appellees, who brought up to the Desha circuit court by *certiorari* the proceedings before the justice of the peace. The circuit court found that the justice did not acquire jurisdiction of the persons of the appellees, and ordered that the judgment be quashed, to which appellant excepted and appealed.

Section 4986 of Mansfield's Digest provides that " When any action to recover judgment against the owners or officers of any steamboat, or vessel, or other water craft, for any debt or liability created by them, or either of them, shall have been commenced in any county in which said steamboat, vessel or water craft was found, and, from any cause, the summons or other process cannot be served in such action in the county where such action was commenced, a service in any other county in this State shall have the same effect as if made in the county where the action was

brought." Section 4987 provides that " Where a defendant is out of this State, the plaintiff may take a copy of the complaint, certified by the clerk, with a summons annexed thereto, warning such defendant to appear," etc. Section 4988 provides that " The certified copy and summons, with affidavit and certificate, as provided in the last section, being returned and filed in the action, shall be deemed an actual service of the summons in due time for trial at the first term commencing not less than sixty days after such service."

The appellant's counsel contends that, the service on James Lee in Memphis, Tenn., and the return having been made in accordance with these sections, the justice obtained jurisdiction of his person, and that the judgment is valid as to him. But section 5200 of Mansfield's Digest provides that " No personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State, as provided in section 4987, and who has· not appeared in the action." *Silver* v. *Luck,* 42 Ark., 268.

1. Judgment —Constructive service.

Of the person of the other appellee, John D. Adams, the justice obtained no jurisdiction, because Adams did not appear, and the summons issued by the justice in Desha county was served on Adams in Pulaski county, Arkansas ; and because it nowhere appears that the steamboat, James Lee, " was found " in Desha county (section 4986, *supra*). "A justice's court possesses only a special, limited and inferior·jurisdiction. Its proceedings must consequently show such facts as constitute a case within its jurisdiction, or the law regards the whole as *coram non judice* and void." *Reeves* v. *Clarke,* 5 Ark., 27 ; *Anthony, ex parte,* 5 Ark., 358 ; *Everett* v. *Clements,* 9 Ark., 480 ; *Butler* v. *Wilson,* 10 Ark., 316 ; *Boothe* v. *Estes,* 16 Ark., 104.

2. Process— Steamboat owner

The jurisdiction of justices of the peace is co-extensive with the county in which they are elected or appointed. Section 4027 Mansfield's Digest. The territorial act of 1829 expressly limited the jurisdiction of a justice of the peace to the township in which he resided, except in crim-

inal cases and cases where, by statutory provisions then in force, two justices are necessary to form a court. In *Lead-better* v. *Kendall,* 1 Hempstead's C. C. Rep., 302, it was held that under this act a justice of the peace could not issue process beyond the confines of his township, except in the two cases indicated by the statute, and that when he did so, the act was wholly unauthorized and void.

The judgment of the justice of the peace in the case at bar, having been rendered without service upon or appearance by appellees, was void, and the judgment of the circuit court quashing the same is affirmed.