KING-RYDER LUMBER COMPANY v. SCOTT.

Opinion delivered December 17, 1904.

HOMESTEAD—ALIENATION—SALE OF TIMBER.—While a sale of growing trees, authorizing the grantee to cut and remove the same within a specified time, conveys an interest in the land, the question whether it is an "alienation" of a part of the land, within Rev. Stat. U. S., § 2291, requiring a homesteader of government land to make affidavit that no part of the land entered by him as a homestead has been alienated, depends upon whether or not the sale was made for the purpose of carrying out in good faith his object in the acquisition and enjoyment of a homestead, even though a profit should result to him incidentally from such sale.

Appeal from Little River Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed.

W. R. Cowling, for appellant.

F. H. Taylor, for appellee.

McCULLOCH, J. Appellee, Edgar Scott, brought suit in the chancery court of Little River County, as the owner of a tract of land in that county containing eighty acres, against the appellant to restrain it from cutting and removing timber from said land and otherwise trespassing thereon, and to cancel, as a cloud upon his (appellee's) title, a deed executed by one Fallis to appellant conveying the standing timber on the land. Appellee claimed title to the land by conveyance from Fallis executed subsequent to the execution of the timber deed to appellant.

The pleadings and proof show that Fallis entered said land from the United States under sections 2289, 2290 and 2291, Rev. Stat. U. S., as amended by act March 3, 1891, the homestead law; that he filed his application for such entry on November 29, 1895, and at once entered into possession of said land, and made the necessary improvements thereon, and on October 14, 1899, made his final proofs in compliance with the homestead law, and received a final certificate of entry, upon which a patent was duly issued to him on July 30, 1900, after the commencement of this suit. The deed of Fallis to appellant was dated November 18, 1897, and conveyed all of the pine timber on the land, with the right to cut and remove the same at any time on or before December 1, 1902, and to construct tramroads, etc., across the land for use in removing the timber, but with the stipulation that the same should not "interfere with cultivated land or improvements." This deed was duly acknowledged and filed for record. Fallis occupied and resided upon the land as his homestead from the date of his entry until he conveyed to appellee by two deeds executed in April and May, 1900, respectively. It is further alleged in the complaint that appellant was insolvent, but this is denied in the answer, and the allegation is not sustained by the proof.

The question presented is whether a sale and conveyance of timber by one holding possession of land under a homestead entry from the United States before completion of the requisite improvements and before receipt of his patent or final certificate is void, when it is shown that he is in good faith making the improvements, and does in fact complete the improvements, and receive his final certificate before any suit is brought to annul the sale of timber.

Section 2291, Rev. Stat. U. S., provides: "No certificate, however, shall be given, or patent issued therefor, until * * * the person making the entry; or, if he be dead, his widow; or in case of her death, his heirs or devisee, * * * proves by two credible witnesses that he, she, or they have resided upon or cultivated the same for the period of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, except as provided in section 2288," etc.

Section 2461 makes it a criminal offense for one to cut or remove timber from the public lands of the United States, and prescribes a penalty therefor.

Was the conveyance of the timber executed by the entryman Fallis an alienation within the meaning of the statute? This court has held that a deed to growing trees, authorizing the grantee to cut and remove the same within a specified time, conveys an interest in the land, and, upon being recorded, constitutes constructive notice. *Kendall* v. *J. I. Porter Lumber Co.,* 69 Ark. 442; *Crane* v. *Patton,* 57 Ark. 340.

It follows from the effect of these decisions that a conveyance of the timber is an alienation of an interest in the land, but a determination of the question as to whether it is such an alienation as the Federal statute prohibits requires some consideration of the purposes of that prohibition.

The primary object of the statute is to provide for the acquisition of a homestead by the citizen, and to prevent any alienation of the land entered before completion of the requisite amount of improvements and receipt of the final certificate which would entitle him to a patent.

Judge Caldwell in *Grubbs* v. *United States,* 44 C. C. A. 513, 105 Fed. 314, says: "The fundamental and only restrictions or conditions imposed on a *bona fide* homesteader by the act of Congress are that he shall enter upon the land for his own exclusive use, and with the honest purpose and intention of residing upon and cultivating it for five years. There is not a word in the act restricting or limiting his use of the land or the timber on it, and it was not the intention of Congress that the *bona fide* homesteader should be limited or restricted in this regard."

In *Stone* v. *United States,* 167 U. S. 178, which was a suit by the Government to recover the value of timber cut from public lands and sold, the following language of the trial court in its instruction to the jury was expressly approved, viz:

"As between the Government and the settler, the title to public land, until the conditions of the law are fulfilled, remains in the United States; but, in the meantime if the settler is engaged in improving the land as required by law, and disposes of any surplus timber without intent to defraud the Government, and the purchaser buys the timber under the belief that there is no

intent or purpose to defraud the Government, the sale is lawful, and the purchaser is protected."

In *Shiver* v. *United States,* 159 U S. 491, it was held that the right of a homesteader to cut timber before receiving his final certificate turned upon the question of the purpose for which the timber was cut and his *bona fides,* the court saying: "Second, that such propery is subject to divestiture (out of the Government) upon proof of the continued residence of the settler upon the land for five years; third, that meantime such settler has the right to treat the land as his own so far, and so far only, as is necessary to carry out the purposes of the act. The object of this legislation is to preserve the right of the settler, but not to open the door to manifest abuses of that right. Obviously, the privilege of residing on the land for five years would be ineffectual if he had not also the right to build himself a house, outbuildings and fences, and to clear the land for cultivation. * * * It is equally clear that he is bound to act in good faith to the Government, and that he has no right to pervert the law to dishonest purposes, or to make use of the land for profit or speculation."

In *United States* v. *Cook,* 19 Wall. 591, the court held that timber cut on land occupied by the Indians could not be cut for sale alone; but when cut incidentally for the purpose of clearing the land, there is no restriction upon the sale. See also *Grubbs* v. *United States, supra; Orrell* v. *Bay Mfg. Co.* (Miss.), 36 So. 561; *Sandford* v. *Eastabutchie Lumber Co.* 36 So. 10; *United States* v. *Ball,* 31 Fed. 667; *Teller* v. *United States,* 117 Fed. 577; *Butterfield Lumber Co.* v. *Hartman* (Miss.), 34 So. 328; *Anderson* v. *Wilder,* (Miss.), 35 So. 875.

In line with this view in the decision of this court in *Hot Springs Rd. Co.* v. *Tyler,* 36 Ark. 205, where it is held that a homesteader before final certificate might sell to another an interest in a mill situated on the homestead; that such use of the land was not an alienation thereof within the spirit of the homestead law. We think these authorities establish the doctrine that a sale of timber under such circumstances is not void if made by the entryman for the purpose of carrying out in good faith his object in the acquisition and enjoyment of a homestead, even though a profit should result incidentally from the sale.

In this case Fallis entered only 160 acres of land, which is no more than sufficient, ordinarily, when cleared and used for agricultural purposes, to afford a living for himself and family. It is shown by the undisputed testimony that when the sale was made he was residing upon the land with his family, and in good faith making the requisite improvements to entitle him to a final certificate and patent, and clearing the land for cultivation. The value of the timber is not proved, but the deed recites a consideration of 50 cents per 1,000 feet, payable as the timber should be cut, of which price the sum of $175 was advanced by the grantee. The deed gave the grantee nearly four years within which to cut and remove it, but provided that in the cutting and removal of the timber there should be no interference with the improvements on the land.

Doubtless, the sale of the timber resulted in an incidental profit to the homesteader, but that did not render the sale void. Fallis can not under these circumstances avoid the effect of the conveyance, nor can his grantee, the appellee, who bought the land with actual as well as constructive notice of the previous sale and conveyance of the timber.

The decree of the chancellor is therefore erroneous, and is reversed and remanded, with directions to dismiss the complaint.

HILL, C. J., absent and not participating.