### BURT & BRABB LUMBER CO. v. BAILEY.

(Circuit Court, E. D. Arkansas, W. D.  December 24, 1909.)

#### No. 5,478.

1. JUDGMENT (§ 828*)—FOREIGN JUDGMENT—ACTION—DEFENSES—JURISDICTION.
    In an action on a foreign judgment of a state court, want of jurisdiction of that court, either of the subject-matter or of the person of the defendant, may be shown, and the judgment collaterally attacked, though it is a judgment of a superior court of record of general jurisdiction, and contains recitals of proper service of process or appearance by the defendant; but, if the court had jurisdiction both of the subject-matter and the person, its judgment is conclusive as to all matters and defenses which might have been pleaded or litigated, whether they were so or not.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

2. JUDGMENT (§ 828*)—FOREIGN STATE COURT JUDGMENT—COLLATERAL ATTACK.
    Civ. Code Prac. Ky. § 62, requires an action to recover real property to be brought in the county where the property is located. Section 78 declares that an action not required to be brought in a particular county may be brought in any county in which the defendant resides or is summoned, and section 79 provides that no judgment against a single defendant shall be rendered unless he is summoned in the county where the action is brought, or unless he resides in such county when the action is brought, and is summoned elsewhere in the state, or unless he makes a defense

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before objecting to the jurisdiction. *Held,* that where a defendant in a transitory action in a circuit court in Kentucky resides and is summoned in a county of that state other than that in which the action is pending, and judgment is rendered against him by default, such judgment is void for want of jurisdiction and may be collaterally attacked.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

3. LOGS AND LOGGING (§ 3*)—STANDING TIMBER—SALE—INTEREST IN REAL ESTATE.

Under the decisions of the highest court of Kentucky, a conveyance by deed of standing trees to be cut at a future date conveys an interest in land.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

4. VENUE (§ 5*)—LOCAL OR TRANSITORY ACTION—COVENANTS—BREACH.

While an action for breach of covenants in a deed, by the original covenantee, is transitory at common law, a similar action by the remote grantee is a real action, the venue of which must be laid in the county where the estate lies.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4–11; Dec. Dig. § 5.*]

5. JUDGMENT (§ 17*)—FOREIGN JUDGMENT—JURISDICTION.

Under Civ. Code Prac. Ky. § 62, providing that actions for the recovery of real property, or an estate or interest therein, shall be brought in the county where the subject of the action, or some part thereof, is situated, a circuit court of Kentucky in the county where the land lay had jurisdiction of an action by a remote grantee of the covenantee in a deed conveying certain standing trees, who had the right to enter and remove the same within five years; and hence a default judgment against the covenantor based on a personal service of process in another county where he resided was valid.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25-33, 422; Dec. Dig. § 17.*]

Action by the Burt & Brabb Lumber Company against J. M. Bailey. Judgment for plaintiff.

This is an action on a judgment rendered by the circuit court of Leslie county, state of Kentucky. The defenses set up by the answer are that the circuit court of Leslie county was without jurisdiction of the person of the defendant for the following reasons:

(1) That he was not legally and properly served with a summons in said cause, nor did he enter his appearance personally or by attorney or otherwise.

(2) That at the time the proceedings in said action were commenced, and ever since, defendant was a citizen of Arkansas, residing therein, and was not legally or properly served with process, and that he never appeared in said action.

(3) That when said action was commenced he was temporarily in the county of Knott, state of Kentucky. That the action was pending in the circuit court of Leslie county of that state, and he was not served in Leslie county. If it was attempted to serve said summons by delivering a copy to him in Knott county, such service would not, under the laws of Kentucky, constitute a legal service in an action pending in Leslie county; and not having entered his appearance either in person or by attorney or otherwise, and not having in any way waived legal service of the summons, the circuit court of Leslie county was without jurisdiction to render a valid judgment against him, and for these reasons the judgment herein sued on, it is charged, is absolutely void.

There was also a set-off claimed in the answer.

The parties having by stipulation in writing waived trial by jury, the cause was tried to the court, and the following special findings of facts made:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(1) That the plaintiff is a corporation organized and existing under the laws of the state of Michigan, and that the defendant is a citizen of the state of Arkansas, residing in this division and district.

(2) That on July 2, 1890, the defendant, in consideration of the sum of $760.10 paid to him by George F. Cross, conveyed to the said George F. Cross, his heirs and assigns, by deed with full covenants of warranty, 691 trees standing and growing on certain lands in the county of Leslie, state of Kentucky, with the right and privilege of going on the lands for the purpose of cutting and removing them within the period of five years, and for a longer period if desired.

(3) That by mesne conveyances these trees and the right of cutting and removing them became the property of the plaintiff, the successor of the Asher Lumber Company; Cross' deed conveying all the rights acquired from Bailey as shown by the deed of Bailey to him.

(4) That before the trees were cut, and after they had become the property of the plaintiff as the remote grantee of the defendant, one Reuben Bailey, who claimed to be the owner of the lands on which said trees were standing, and by virtue of such ownership the owner of the trees by title adverse and superior to that of the defendant, brought a suit in equity against the plaintiff in the circuit court of Leslie county, state of Kentucky, to enjoin defendant from cutting the said trees or entering upon his lands and canceling the deeds as clouds upon his title. That the plaintiff notified the defendant of the pendency and nature of that action and called on him to defend and protect his covenants of warranty to said trees, but defendant failed to employ counsel to make such defense, whereupon plaintiff employed counsel and incurred court costs for the purpose of making a proper defense; the defendant aiding in the defense by advising plaintiff's counsel and also testifying in its behalf.

(5) That upon final hearing the said Reuben Bailey, by a decree of the circuit court of Leslie county, recovered all of said trees by virtue of his adverse title, which was adjudged to be superior to that under which the defendant in this case claimed and had sold the trees to Cross under whom plaintiff claimed title. That plaintiff herein took an appeal from the decree of the circuit court of Leslie county to the highest court of the state of Kentucky, and by that court the judgment and decree of the trial court was affirmed, and plaintiff evicted and de ived of all of said trees.

(6) That on May 5, 1908, the plaintiff filed an action in the circuit court of Leslie county, Ky., against the defendant to recover as a remote covenantee its damages for the breach of the covenant. That it claimed as damages the original purchase money and interest thereon from the date of payment, $150 attorney's fees, and $261.38 costs paid out in the suit against it by Reuben Bailey taxed in the circuit court and Court of Appeals.

(7) That upon the filing by plaintiff of the complaint the clerk of the circuit court of Leslie county issued a writ of summons in the manner and form prescribed by the laws of Kentucky, for the defendant, advising him of the pendency of the suit in said court, which said writ was directed to the sheriff of Knott county, state of Kentucky, and by him served on the defendant in person in the county of Knott, and afterwards returned to the circuit court of Leslie county with a return of the sheriff stating that fact.

(8) That the writ was actually served on the plaintiff personally in Knott county by the sheriff of said county on the 9th day of May, 1908.

(9) That at the time the said writ was served on the defendant by the sheriff of Knott county in the county of Knott, he was not a resident of Leslie county, but a resident of Knott county, where he had been residing for several years prior thereto, never having resided in Leslie county.

(10) That at the October term, 1908, of the circuit court of Leslie county, that cause came on for hearing, and defendant making default by failing to enter an appearance or to plead, answer, or demur, judgment by default was rendered by the court on October 7, 1908, the judgment reciting, as a finding made by the court, "that the defendant, J. M. Bailey, was duly and personally served with summons herein in Knott county, Ky., more than 20 days before the first day of the term of the present court, and that said defendant has failed to answer or make any defense herein." On the 9th day of October, 1908, a day of the same term of the court, a trial on the default was had, and

judgment rendered against the defendant in favor of the plaintiff for the sum of $2,002.14, with 6 per cent. interest from rendition, and the costs of the suit, which were taxed at $9.60.

(11) That said judgment has never been modified, set aside, or in any way satisfied, but is still in full force, and that nothing has been paid thereon.

(12) That the circuit courts of Kentucky are courts of record and have general jurisdiction.

(13) That there is nothing due to the defendant from the plaintiff on account of the matters set up in his claim for set-off.

Rose, Hemingway, Cantrell & Loughborough, for plaintiff.
F. T. Vaughan, Palmer Danaher, and U. M. Meade, for defendant.

TRIEBER, District Judge (after stating the facts as above).  In the presentation of this cause, counsel confined themselves strictly to those questions of law which are debatable for a want of harmony among the adjudicated cases, agreeing on others which are well settled, thereby relieving the court of including in its opinion matter which would only be a repetition of well-settled principles of law. Such conduct of counsel is commendable and worthy of emulation by members of the bar generally.

They agree that, in an action on a judgment of another state, want of jurisdiction of the court which rendered the judgment, either of the subject-matter or the person of the defendant, may be shown and the judgment collaterally attacked even if it is a judgment of a superior court of record of general jurisdiction, and contains recitals of proper service of process or appearance of the defendant; but, if the court rendering the judgment had jurisdiction of the subject-matter and the persons, its judgment is conclusive as to all matters and defenses which might have been pleaded or litigated, although not pleaded or litigated.

They also agree that under the Constitution and laws of the state of Kentucky there is a circuit court in each county of the state, and that these courts are superior courts of record of general jurisdiction, subject to some limitations, which, so far as they affect the issues in controversy in this cause, will be hereinafter set forth.  Nor is there any controversy between counsel as to the jurisdiction of the circuit court which rendered the judgment of the subject-matter; it being conceded that the court had jurisdiction of the subject-matter, regardless of whether the action is local or transitory.  The only question on which counsel differ is whether the court had jurisdiction of the person of the defendant, the action having been instituted in, and the judgment rendered by, the circuit court of Leslie county, the defendant not being at the time a resident of that county, nor served with process therein, he being in fact a resident of Knott county of the same state, where he was served with a writ of summons by the sheriff of that county, as shown by the eighth and ninth findings of facts herein.  The provisions of the Civil Code of Practice of the state of Kentucky, so far as they are applicable to the issues involved herein, as are follows (title 5):

"Sec. 62. Actions may be brought in the county in which the subject of the action or some part thereof is situated:  (1) For the recovery of real property or an estate or interest therein.  *  *  *"

"Sec. 78. An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants who may be properly joined as such in the action, resides or is summoned.

"Sec. 79. In an action brought pursuant to section 78 against a single defendant there shall be no judgment against him unless he be summoned in the county where the action is brought; or unless he resides in such county when the action is brought, and be summoned elsewhere in this state; or unless he make defense to the action before objecting to the jurisdiction of the court."

On behalf of the plaintiff, it is contended that even if the action is transitory, if the defendant is served with process in any county of the same state, although it be other than that in which the suit is pending, when the court renders judgment against him by default, he having failed to enter his appearance or in any other way submitted to the jurisdiction of the court, such judgment, although erroneous and therefore subject to reversal on appeal, or in a direct proceeding to be vacated, it cannot be collaterally attacked. To sustain this contention they cite Stark v. Ratcliff, 111 Ill. 75, and Cole v. Potter, 135 Mich. 326, 97 N. W. 744, 106 Am. St. Rep. 398.

The last-cited case is distinguishable from the case at bar because that action was based upon a domestic judgment rendered by a justice's court of the state of Michigan. It may be proper to state that upon similar facts the Supreme Court of Arkansas, in Ford v. Adams, 54 Ark. 137, 15 S. W. 186, held the judgment absolutely void for want of jurisdiction of the person. But Stark v. Ratcliff is directly in point and sustains the contention of counsel.

On the other hand, the courts of England and the Supreme Court of the United States have held that such a judgment is a nullity and may be collaterally attacked. Houlden v. Smith, 14 Ad. & El. (N. S.) 841; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897.

In the first case, decided by the Court of Queen's Bench of England, the facts were as follows: The plaintiff instituted an action of trespass for false imprisonment against the defendant, who was presiding judge of the County Court of Lincolnshire, holden at Spilsby. The plaintiff, a resident of Cambridgeshire, was sued in the County Court at Spilsby, but served with a summons in Cambridgeshire, and, failing to appear, judgment by default was rendered against him, and, execution having been returned nulla bona, summons was served by order of the defendant calling on the plaintiff to appear at Spilsby on a certain day and be examined as to his not paying the judgment. Failing to appear in obedience to that summons, the defendant ordered him committed to jail for 14 days for contempt. The statute authorizing these proceedings directed it to be issued by the County Court within the limitations of which the party shall then dwell or carry on his business, which, in that case, was the County Court of Cambridgeshire. Upon these facts it was held by the court that the action of the judge was without jurisdiction, and that he was liable to the plaintiff for false imprisonment.

In Thompson v. Whitman, the facts were that the laws of the state of New Jersey prohibited nonresidents of that state from raking clams and oysters in the waters of the state under penalty of forfeiture of the vessel employed, and any two justices of the county in which the

seizure was made were invested with jurisdiction to condemn the vessel upon proper information filed. A citizen of New York being unlawfully engaged in raking clams in the waters of the state of New Jersey, the sheriff of Monmouth county seized the vessel, not in that county, but across the line in an adjoining county, and thereupon filed an information for condemnation before two justices of Monmouth county, who entered a decree of condemnation under which the vessel was sold by the sheriff. In an action of trespass by the owner of the vessel against the sheriff, in which that judgment was pleaded in bar of the action, it was unanimously held by the Supreme Court that the justices of Monmouth county were without jurisdiction, the vessel not having been seized in that county, and the judgment rendered by them a nullity when attacked collaterally. The opinion of the court was delivered by Mr. Justice Bradley, and, as all of the opinions of that distinguished jurist discuss the law so thoroughly, it would be an act of supererogation for this court to attempt to add anything thereto. That this rule applies to actions in personam, as well as in rem, see Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239; Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366. The Kentucky Court of Appeals, while it has on direct appeal reversed judgments for want of jurisdiction of the trial court in actions in which the venue was in a county other than that in which the action should have been instituted, has never determined what its conclusions would be if such a judgment were collaterally attacked.

Therefore, in view of the decisions of the Supreme Court of the United States, this court must hold that this contention on behalf of plaintiff cannot be sustained.

The remaining question upon which the determination of this cause depends is whether by the laws of the state of Kentucky an action, by a remote grantee against a grantor of standing timber to be cut and removed at a later day, and who conveyed the standing timber by deed with full covenants of warranty, is an action for the recovery of an interest in real estate which must be instituted in the county in which the lands are situated, regardless of the residence of the covenantor, or where he may be served with process (provided, of course, he is served within the state), or is it a transitory personal action which can only be maintained in a court of the county where the defendant resides or has been served with process?

To sustain the jurisdiction of that court, it is necessary first to determine whether the sale of standing timber to be cut at a future date is an interest in real estate, and, next, whether an action for a breach of the covenant by a remote grantee against the original covenantor is one based upon privity of estate and not merely for a breach of contract.

While there is some conflict among the authorities whether a conveyance by deed of standing trees to be cut at a future day conveys an interest in the land, the great weight of authority, and the better reasoning, in the opinion of this court, is that it does. 3 Washburn on Real Property (5th Ed.) p. 368; 2 Jones on Real Property, § 1063; 1 Kerr on Real Property, § 56; Tiedeman on Real Property, § 10; Kendall v. Porter Lumber Co., 69 Ark. 442, 64 S. W. 220; King-

Ryder Lumber Co. v. Scott, 73 Ark. 329, 84 S. W. 487, 70 L. R. A. 873; McRae v. Stillwell, 111 Ga. 65, 36 S. E. 604, 55 L. R. A. 513; White v. Foster, 102 Mass. 375; White v. Sanborn, 6 N. H. 229; Moring v. Ward, 50 N. C. 272; Wait v. Baldwin, 60 Mich. 622, 27 N. W. 697, 1 Am. St. Rep. 551; Slocum v. Seymour, 36 N. J. Law, 138, 13 Am. Rep. 432; Russell v. Myers, 32 Mich. 522.

In Schulenberg v. Harriman, 21 Wall. 44, 64, 22 L. Ed. 551, it was held that whilst the timber is standing it constitutes a part of the realty; when severed from the soil, its character is changed, and it becomes personalty. And this is the rule established by the highest court of Kentucky, and which controls this case.

In Asher Lumber Company v. Cornett, (Ky.) 58 S. W. 438, 56 L. R. A. 672, the court seems to have held otherwise. The opinion in that case was delivered on September 28, 1900; but in June, 1901, another opinion was delivered in the same case, holding that the sale of standing timber to be cut at a future day is an interest in real estate. Asher Lumber Co. v. Cornett (Ky.) 63 S. W. 974. The report fails to show how the case came before the court the last time; but, in view of the fact that the parties are the same, the contract, description of the lands, and number of trees are the same as in the former case, and that the opinion was filed but a short time after the opinion in the first case, the last opinion was probably delivered on a motion for rehearing. But, in any event, it was a later decision, and the rule there established has been uniformly followed by the highest court of Kentucky since. Wiggins v. Jackson (Ky.) 73 S. W. 779; King v. Cheatham (Ky.) 104 S. W. 751, decided October 23, 1907.

As appears from the second finding of facts, the grantee had five years or longer, if desired, from the time of the sale, to cut and remove the timber, it must therefore be held, under the laws of Kentucky as construed by its highest court, to be a conveyance of an interest in realty. Whether, if the conveyance by the original grantee to subsequent purchasers requires an immediate severance of the trees, the rule would be otherwise, it is unnecessary to determine in this case, as the deed from Cross conveys everything conveyed to him by the defendant and other grantors, and makes their deeds part of his.

This leaves one other question to be determined, whether an action on covenants of warranty by deed conveying an interest in realty when brought by a remote grantee or covenantee against the original covenantor is transitory and may be laid in any county in which service of process may be had on the defendant, or is it an action for an interest in real estate which must be brought, under the provision of the Code of Practice of Kentucky, in the county in which the lands on which the trees are standing are situated?

That an action brought by the original covenantee is transitory at common law is well settled, while, on the other hand, it is equally well settled that when the action is by a remote grantee it is a real action, and the venue must be laid in the county where the estate lies. A collation of the authorities on that subject will be found in 8 A. & E. Enc. (2d Ed.) p. 222, and 5 Enc. Pl. & Pr. p. 362. And this is the rule established by the highest court of the state of Kentucky as early

as 1822 and never departed from since.  Birney v. Haim, 2 Litt. (Ky.) 262.

The reasons for this distinction between actions brought by the original and a remote covenantee are that, in the first case, the action is based on a breach of the contract between the covenantee and covenantor, and therefore the action is governed by the laws of breaches of contract.  On the other hand, there being no privity of contract between the covenantor and a remote grantee, an action for breach of the covenants can only be maintained by reason of privity of estate, and if the covenant broken arises out of a sale of realty only a real action can be maintained.

As appears from the third finding of facts made by the court, the plaintiff is a remote grantee, and therefore the action arises by reason of privity of estate and can only be maintained, under the laws of the state of Kentucky, in a court of the county in which the lands are situated.

Upon the findings of facts the plaintiff is entitled to recover the amount of the judgment and costs, with interest thereon.

