## Ribelin *v*. Wilks.

### Opinion delivered October 14, 1918.

Attachment.—Jurisdiction of justice of the peace.—Under § 4555, Kirby's Digest, providing that actions by attachment "may be brought before any justice of the peace in the county," *held*, that a judgment for the amount of the debt in an attachment suit based on service of process in the county outside of the township of the justice of the peace is valid, though no property was found upon which to levy the writ of attachment.

Appeal from Yell Circuit Court, Danville District; *A. B. Priddy*, Judge; reversed.

*Wilson & Chambers* and *Evans & Evans,* for appellant.

The justice had jurisdiction and the summons was duly served upon appellee. The judgment was not void as the justice of the peace acquired jurisdiction of appellee's person by service. Process served anywhere in the county was valid and the judgment was valid and improperly set aside. 102 Ark. 255; Freeman on Judgm. § 126; 2 Dillon C. C. 351; 55 Ark. 209; Kirby's Digest, § 4555; 78 Minn. 87. *Ford* v. *Adams,* 54 Ark. 137, is not in point.

*W. B. Rutherford,* for appellee.

The service of summons on appellee was void. 54 Ark. 137; 43 *Id.* 230; 24 *Id.* 615.

HUMPHREYS, J. Appellant obtained judgment against appellee on the 5th day of January, 1910, for $104.15 on a note in an attachment proceeding instituted before J. M. Hopkins, a justice of the peace of Revilee Township in Logan County, Arkansas. On the 28th day of April, 1917, appellant instituted this suit against appellee in the Yell Circuit Court, Danville District, upon the aforesaid judgment, seeking to reach, by garnishment, funds in the hands of S. B. Nance, C. N. Gilliam and C. D. Owen, which they owed appellee.

On the 11th day of August, 1917, appellee answered, denying the validity of the judgment sued upon, assigning as a reason for its invalidity that no legal service was had on him in the case in the justice court in Logan County prior to the rendition of the judgment.

The court heard the cause upon the pleadings and evidence adduced, from which it found that the judgment sued on was void for the reason that summons in that case was served upon appellee in Logan County outside of Revilee Township. In accordance with the finding, it was adjudged that appellant take nothing by his suit. From this judgment an appeal has been duly prosecuted to this court.

The facts are that an attachment suit was instituted, presumably in good faith, in Revilee Township by appel-

lant against appellee, which suit met all the requirements of an attachment proceeding and was regular in so far as the record discloses. The officer appointed to serve the writ of attachment and summons made return to the effect that he served the summons upon appellee but that no property was found upon which to levy the writ of attachment. The return failed to show where the summons was served on appellee. The evidence disclosed that it was served in Blue Mountain Township in Logan County.

The only question to be determined upon appeal is whether or not it is essential to seize property under the writ of attachment in order to obtain personal service upon the defendant in a different township from the township in which the suit was instituted. It is provided by section 4555 of Kirby's Digest that actions for provisional remedies including attachments may be brought before any justice of the peace in the county. This, of course, means actions for amounts within the jurisdiction of a justice of the peace. We think in proceedings for provisional remedies, including attachments, that the jurisdiction of a justice of the peace is co-extensive with the county, and not limited to the township in which he was elected. Under the statute, ordinary proceedings must be brought before a justice of the peace of the township in which the defendant resides or is found. Not so in actions for provisional remedies including attachments. There is nothing in the statute from which an inference can be drawn that upon failure to find property belonging to the defendant in the township or county where the suit is brought that the summons in the proceedings can not be served upon the defendant unless he resides or is found in the township in which the suit is instituted. The contrary is clearly evidenced by the plain language of the statute. It is insisted by appellee that this case is ruled by the case of *Ford* v. *Adams,* 54 Ark. 137. The cases are not parallel. The insufficiency of the service of the summons in that case was based upon a statute (section 6052, Kirby's Digest) which provided that service might be had on the owners or officers of steamboats in any county in

the State if the suit was commenced in the county where the steamboat or vessel was found, if from any cause the summons or process could not be served in the county where the suit was commenced.

For the error indicated the judgment is reversed and the cause remanded with directions to enter judgment for appellant and for further action on the garnishment proceedings.