FOSTER *v.* POLLACK COMPANY.

Opinion delivered March 14, 1927.

1. JUSTICES OF THE PEACE—JURISDICTION IN GARNISHMENT.—Under Crawford & Moses' Dig., §§ 4906, 6401, justices of the peace have jurisdiction coextensive with the county in garnishment proceedings.

2. GARNISHMENT—NATURE OF PROCEEDING.—A garnishment proceeding is *in rem*, analogous to an attachment, and is a provisional remedy within the meaning of Crawford & Moses' Dig., § 6401.

3. COURTS—PRIORITY OF GARNISHMENTS.—Under Crawford & Moses' Dig., § 6401, a garnishment issuing from a justice of the peace in a township other than that in which the defendant or garnishee resided was superior to a garnishment issued from a similar court in the township in which defendant and the garnishee resided.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; reversed.

STATEMENT OF FACTS.

This appeal involves the question of whether or not a justice of the peace has jurisdiction coextensive with the county in garnishment proceedings. Pollack Com-

pany sued Prince Thomas, in the municipal court of
the city of North Little Rock and obtained judgment
against him and the Buckeye Cotton Oil Company as
garnishee.   J. B. Foster sued Prince Thomas, and at the
same time caused a writ of garnishment to be issued
against the Buckeye Cotton Oil Company in a justice
court of Eastman Township.   The garnishment in the
Foster case was issued and served before the garnish-
ment in the Pollack Company case.   Judgment was
rendered in each case against the garnishee, Buckeye
Cotton Oil Company, and it appealed each case to the
circuit court.

In the circuit court both cases were consolidated and
tried together.   The facts as stated above were agreed
to between the parties in the trial in the circuit court.
It was further agreed that neither the defendant, Prince
Thomas, nor the garnishee, Buckeye Cotton Oil Com-
pany, were served with summons in Eastman Township.
They were residents of another township in Pulaski
County, and never entered their appearance to the
action.   Judgment was rendered against the defendant
by default by the justice of the peace in Eastman Town-
ship.   The circuit court rendered a judgment in favor
of Pollack Company and against the Buckeye Cotton Oil
Company as garnishee in that case.   It also rendered
judgment against J. B. Foster and in favor of the Buck-
eye Cotton Oil Company as garnishee in that case.

The consolidated case is here on appeal.

*Joe H. Thompson,* for appellant.

*Mitchell Cockrill, E. R. Parham* and *Owens &
Ehrman,* for appellee.

HART, C. J., (after stating the facts).   The issues
raised by the appeal depend upon the construction to be
given to § 6401 and § 4906 of Crawford & Moses' Digest.
Section 6401 reads as follows: "Actions cognizable
before a justice of the peace, instituted by summons or
warrant, shall be brought before some justice of the peace
of the township wherein the defendant resides, or is

found, or, if there be one or more defendants in different townships, then in the township where one of them resides or is found. Provided, action by attachment, actions for the recovery of personal property, actions for provisional remedies, and all criminal actions and proceedings, may be brought before any justice of the peace in the county.''

Subsequently the Legislature of 1895 amended our garnishment statute so as to provide that an action may be commenced by garnishment process by giving the bond and otherwise complying with provisions of the statute. Crawford & Moses' Digest, § 4906.

It is sought to uphold the judgment of the circuit court on the ground that a garnishment such as was resorted to in this case is not a provisional remedy within the meaning of § 6401 referred to. In *Ferguson v. Glidewell,* 48 Ark. 195, 2 S. W. 711, it was expressly held that, under the Code, attachment is a provisional remedy and merely ancillary to the action in which it is sued out. In addition, the court said that its object, as expressly defined by the Code, is to secure the satisfaction of such judgment as may be recovered by the plaintiff. Again, in *Ribelin* v. *Wilks,* 135 Ark. 599, 205 S. W. 977, the court recognized that an attachment was a provisional remedy and that the jurisdiction of a justice of the peace in such cases is coextensive with the county and not limited to the township in which the defendant resides or is found. Thus we have an express holding of this court that an attachment is a provisional remedy under this section of the statute and that the jurisdiction of the justice of the peace is coextensive with the county in attachment cases.

In Rood on Garnishment, § 1, it is said that garnishment is a mode of attachment differing in no material respect from an attachment by actual levy and seizure, except in the mode of enforcement. Again, the same author says that garnishment is a mode of attachment, and that the specific right to a lien acquired by its issuance and service is substantially analogous to that acquired by an attachment of tangible property. Rood on Garnishment, §§ 192 and 193.

In *Teague* v. *LeGrand,* 85 Ala. 493, 5 So. 287, 7 Am. St. 64, the Supreme Court of Alabama held that garnishment, such as was resorted to in this case, is a species of statutory attachment, whose object is to reach debts owed the defendant and apply the proceeds in the discharge of the principal debt.

In *American Life Ins. Co.* v. *Hettler,* 37 Neb. 849, 56 S. W. 711, 40 Am. St. Rep. 522, the court said that garnishment is an attachment by means of which money or property of a debtor in the hands of third persons, which cannot be levied upon, may be subjected to the payment of the creditor's claim. This case is cited with approval in 12 R. C. L., page 775, where it is said that the remedy of attachment is similar in many respects to garnishment.

In the Cyclopedic Law Dictionary it is said that preliminary injunction, attachment, arrest on mesne process, garnishment, etc., are provisional remedies. We think this definition is in accord with the holding of our own court on the subject. The effect of the decision in *St. Louis Southwestern Ry. Co.* v. *Vanderberg,* 91 Ark. 252, 120 S. W. 993, is that a garnishment is in the nature of a proceeding *in rem* and that the service of process on the garnishee creates a lien in favor of the plaintiff on the money due from the garnishee to the defendant. The decision in *Hartford Fire Ins. Co.* v. *Citizens' Bank of Booneville,* 166 Ark. 551, 266 S. W. 675, 39 A. L. R. 1458, proceeds upon the theory that garnishment is a proceeding *in rem.*

The primary object of the garnishment statute under consideration is to reach money and choses in action in the hands of third persons and to subject them to the payment of the plaintiff's claim by means of a delivery or payment by compulsion of law. The remedy is so nearly analogous to that of attachment that it would seem that garnishment of the sort resorted to in this action would be a provisional remedy, if attachment should be held to be a provisional remedy. The two remedies are so nearly alike that it would seem that there would be no

reason for holding attachment to be a provisional remedy and garnishment of the sort resorted to in this case not a provisional remedy.

The argument that this holding would result in hardship in certain cases is no valid reason for departing from settled principles of law. It has been often said that hard cases make shipwreck of the symmetry of the law, and it is always better for the Legislature to relieve from such hardships than for the courts to do it by judicial interpretation.

The result of our views is that the court erred in not holding that garnishment is a provisional remedy within the meaning of § 6401 of Crawford & Moses' Digest, and it should have held that the claim of J. B. Foster in the garnishment proceeding was superior to that of Pollack Company. The judgment will therefore be reversed, and the case remanded with directions to enter a judgment in accordance with this opinion, and for further proceedings according to law.