THE BOARD OF COMMISSIONERS OF KEARNY COUNTY V.
J. W. RUSH *et al.*

VENUE IN CIVIL ACTIONS—*Suit by County for Illegal Allowances—Void
Judgment.* Where an action is brought under § 39, chapter 25 of the
act relating to counties and county officers, to recover illegal allow-
ances, the action is not for the recovery of a penalty imposed by the
statute, within the terms of § 48 of the civil code; therefore, where
an action is brought in the county where the illegal claims were al-
lowed, but service of the summons is upon a defendant in another
county, and judgment is rendered upon default, without any appear-
ance by the defendant, the judgment is wholly void, as the court has
no jurisdiction of the person of the defendant.

*Error from Kearny District Court.*

THE plaintiff filed a petition on March 16, 1889, a copy
of which, omitting the title, is as follows, to wit:

"The plaintiff complains of the defendant, and says that
the county of Kearny, in the state of Kansas, was at all the
times herein mentioned an organized county of said state;
that the defendant, the First National Bank of Larned, Kan-
sas, was at all times herein mentioned a corporation duly organ-
ized under the laws of the state of Kansas; that the defendant,
J. W. Rush, was at all times herein mentioned an officer and
duly-authorized agent of said defendant, the First National
Bank of Larned, Kansas; that on or about the 9th day of
August, 1888, the board of county commissioners of the county
of Kearny, without any warrant or authority of law for so
doing, and at the special instance and request of the said de-
fendants, J. W. Rush and the First National Bank of Larned,
issued and delivered to the said defendants, and caused to be
delivered to said defendants, in the form prescribed by law,.
one county order or warrant of said county of Kearny of the
denomination and amount of $8,000, by the terms of which
the treasurer of Kearny county, Kansas, was ordered and
directed to pay to the said J. W. Rush or bearer the said sum
of $8,000, out of any money in the treasury not otherwise
appropriated; that said order and warrant is not in plaintiff's
possession or within its knowledge, reach or control, by rea-
son whereof plaintiff is unable to attach a copy thereof to this
petition; that said allowance was made, and said order and

warrant was issued to said defendants as aforesaid, without any account containing the items of the pretended claim for which the same was issued, verified by affidavit, setting forth that the same was just and correct, and remained due and unpaid, having first been presented to said board of county commissioners as required by law, and without any verification whatever of the pretended claim or account for the payment of which said sum of money was so as aforesaid appropriated; that prior to the commencement of this action, plaintiff demanded of the defendants that they return and refund to said county of Kearny said order and warrant, or the amount of money appropriated thereby, or any bonds of the said county of Kearny, if any they held in lieu thereof, which said defendants and each of them refused and still refuses to do; that the defendants have wrongfully taken and appropriated the proceeds of said order and warrant to their own use, and that by reason of the foregoing, plaintiff is entitled to recover from the said defendants said sum of $8,000, so as aforesaid wrongfully allowed and appropriated to said defendants, together with an additional amount equal thereto on account of the wrongful taking thereof, and the refusal of the said defendants to return and refund said order and warrant, or the amount of money thereby appropriated, on demand duly made.

### SECOND CAUSE OF ACTION.

"And plaintiff further says, that on or about the 9th day of August, 1888, the board of county commissioners of said county of Kearny, without any warrant or authority of law for so doing, and at the special instance and request of the said defendants, J. W. Rush and the First National Bank of Larned, Kansas, issued and delivered to said defendants, and caused to be issued and delivered to said defendants, in the form prescribed by law, one county order or warrant of the said county of Kearny of the denomination and amount of $7,000, by the terms of which the treasurer of said Kearny county, Kansas, was ordered and directed to pay to the said J. W. Rush or bearer the said sum of $7,000 out of any money in the treasury not otherwise appropriated; that said order and warrant is not in the plaintiff's possession or within its knowledge, reach or control; by reason whereof plaintiff is unable to attach a copy thereof to this petition; that said allowance was made, and said order and warrant was issued to said defendants as aforesaid, without any account containing the items of

the pretended claim for which the same was issued, verified by affidavit setting forth that the same was just and correct and remained due and unpaid, having first been presented to the said board of county commissioners as required by law, and without any verification whatever of the pretended claim or account for the payment of which said sum of money was so as aforesaid appropriated; that prior to the commencement of this action plaintiff demanded of the defendants that they return and refund to said county of Kearny said order and warrant, or the amount of money appropriated thereby, or any bonds of said county of Kearny, if any they held in lieu thereof, which said defendants and each of them refused and still refuses to do; that the defendants have wrongfully taken and appropriated said order and warrant and the proceeds thereof to their use, and that by reason of the foregoing, plaintiff is entitled to recover from the said defendants said sum of $7,000 so as aforesaid wrongfully appropriated and allowed to said defendants, together with an additional amount equal thereto on account of the wrongful taking thereof, and the refusal of said defendants to return and refund said order and warrant, or the amount of money thereby appropriated, on demand duly made.

### THIRD CAUSE OF ACTION.

"And plaintiff further says, that on or about the 9th day of August, 1888, the board of county commisioners of said county of Kearny, without any warrant or authority of law for so doing, and at the special instance and request of the said defendants, J. W. Rush and The First National Bank of Larned, Kansas, issued and delivered to said defendants and caused to be issued and delivered to said defendants in the form prescribed by law, one county order or warrant of the said county of Kearny, of the denomination and amount of $528.95; by the terms of which the treasurer of said Kearny county was ordered and directed to pay to the said J. W. Rush or bearer the said sum of $528.95, out of any money in the treasury not otherwise appropriated; that said order and warrant is not in plaintiff's possession or within its knowledge, reach or control, by reason whereof plaintiff is unable to attach a copy thereof to this petition; that said allowance was made and said order and warrant was issued to said defendants, as aforesaid, without any account containing the items of the pretended claim for which the same was issued, verified by affidavit setting forth that the same was just and remained due

and unpaid, having first been presented to said board of county commissioners as required by law and without any verification whatever of the pretended claim or account for the payment of which said sum of money was so as aforesaid appropriated; that prior to the commencement of this action plaintiff demanded of the defendants that they return and refund to said Kearny county said order and warrant, or the amount of money appropriated thereby, or any bonds of said county of Kearny, if any they held in lieu thereof, which said defendants and each of them refused and still refuses to do; that the defendants have wrongfully taken and appropriated said order and warrant and the proceeds thereof to their use, and that by reason of the foregoing, plaintiff is entitled to recover from the said defendants said sum of $528.95, so as aforesaid wrongfully appropriated and allowed to said defendants, together with an additional amount equal thereto on account of the wrongful taking thereof and the refusal of said defendants to return and refund said order and warrant or the amount of money thereby appropriated, on demand duly made.

"Wherefore, the plaintiff prays judgment against the said defendants, J. W. Rush, and The First National Bank of Larned, Kansas, for the sum of $31,057.90, with six per cent. interest thereon from the 15th day of March, 1889, and for costs of this action."

On filing the petition a summons was issued by the clerk of the district court of Kearny county to the sheriff of Pawnee county, and there served upon each of the defendants. Afterward, a judgment was rendered by default, against each of the defendants as follows:

"It is therefore considered, ordered and adjudged that the plaintiff, the board of county commissioners of Kearny county, Kansas, do have and recover of and from the defendants, J. W. Rush and The First National Bank of Larned, Kansas, the total sum of $31,213.18, with interest thereon at six per cent. per annum from this date until paid, and for all costs of this action, taxed at $13.91; and hereof let execution issue."

The defendants at the same term of the court, appearing specially for the purpose of the motion only, moved to vacate and set aside the judgment for the following reasons:

"1. The court had no jurisdiction of the subject-matter of this action.

"2. It had no jurisdiction of the persons of the defendants, or either of them.

"3. Neither of said defendants ever appeared in said action and the summons in said action was served upon them in Pawnee county, Kansas, as will fully appear from the records and files in said cause.

"4. Said judgment is absolutely void upon the face of the record, as no appearance was ever made in said cause or summons served upon said defendants or either of them in Kearny county, Kansas, as appears fully from the record in said cause."

The court, having heard the motion, sustained the same at the November term, 1889. The plaintiff brings the case to this court for review.

*Ady & Nicholson, J. M. Johnson,* and *J. A. Wilson,* for plaintiff in error.

*C. N. Sterry,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced in Kearny county by the board of commissioners of that county against J. W. Rush and The First National Bank of Larned, under § 39 of chapter 25 of the act relating to counties and county officers. The section reads:

"All fees, costs or other allowances, or any fees obtained from or allowed against any county, when the same are not authorized by law, and not refunded on demand, may be recovered back in a civil action, in the name of the proper county, in any court of competent jurisdiction; and on the rendering of the judgment in any such case, the justice or the court rendering the same shall add one hundred per cent. to the same, to go to the county, and also a fee of ten dollars if in a justice's court, and twenty-five dollars if in the district court, to go to the county attorney or other person prosecuting the same." (Gen. Stat. of 1889, ¶ 1658.)

A summons was issued by the clerk of the district court of Kearny county to the sheriff of Pawnee county, and served in that county on each of the defendants. Judgment was rendered upon default against each of the defendants for

$31,213.18. This judgment was subsequently set aside by the district court upon the ground that the court had no jurisdiction of the defendants, or either of them. This proceeding has been brought to reverse the ruling of the district court. It is claimed by the plaintiff that the action in the court below was for the recovery of a penalty imposed by statute; therefore that the action was properly brought in Kearny county, and the service of the summons properly made in Pawnee county. (Civil Code, § 48.) At most the action is prosecuted to recover illegal allowances and a penalty. The penalty, if any, follows as an incident to the recovery of the illegal allowances. An action could not be brought under the statute for the penalty only, nor could an action under the statute be brought for the recovery merely of the attorney's fee. There must be a verdict, òr general finding, for a specific amount, before one hundred per cent. can be added. The illegal fees, costs, or other allowances sued for must first be ascertained, and then on the rendering of the judgment for such illegal fees, costs, or other allowances, it is the duty of the court to add one hundred per cent. to the same. If the action is before a justice, an attorney's fee of $10 must be added. If the action is pending in the district court, an attorney's fee of $25 must be added. The action, therefore, in our opinion, is not merely for the recovery of a penalty imposed by statute, but is an action for the recovery of illegal fees, costs, or other allowances, and when such fees, costs or other allowances are determined by a verdict or finding, the court is to add one hundred per cent. and the attorney's fees prescribed. The action, therefore, does not come strictly within the provisions of said § 48. Under the statute, the cause of action or subject-matter must all be for the recovery of a penalty.

We cannot and ought not to extend the terms of the section to embrace cases not within its language. While the per cent. to be added is a large amount, the principal is the same as if only one or more per cent. were to be added, and the action is no more for a penalty than if only a small per cent. in place of one hundred per cent. were to be added on the rendering

of the judgment. The district court, in rendering judgment, had no jurisdiction over either of the defendants, and therefore committed no error in subsequently vacating the same. (Civil Code, §55.) If an action could have been brought, or had been brought, for the recovery of the penalty only, a different question would be presented.

It is urged that the petition is fatally defective. In view of the conclusion we have reached, we need not decide this now. We would suggest, however, that if the action is prosecuted, it would be better if the petition is amended so as to expressly allege that the money was drawn from the county treasury upon the orders or warrants of the board of county commissioners, or that the orders or warrants were refunded into county bonds.

The judgment of the district court will be affirmed.

All the Justices concurring.