[No. 1330.]

RARICK ET AL. v. VANDEVIER.

**1. RESULTING TRUST.**

Where one furnishes another money to buy land under an agreement that the purchaser shall take title and hold it for the benefit of the person furnishing the money and the land is purchased, a resulting trust arises in favor of the party furnishing the money, whether or not the identical money furnished be used to make the purchase, and notwithstanding the purchaser may have used the money furnished him for his own use and supplied its place with money of his own.

2. GUARDIAN AD LITEM—STIPULATION—EVIDENCE.

A guardian *ad litem* has authority to stipulate as to the condition of a
bank account to obviate the necessity of introducing in evidence the
bank books. Such stipulation cannot be taken as prejudicial to the
minor's interest.

3. APPELLATE PRACTICE—NONPREJUDICIAL ERROR.

The rejection of evidence that only bears remotely on the question at
issue which is established by direct proof, if an error, is one which
could not affect the result and is not prejudicial.

*Error to the District Court of Arapahoe County.*

Mr. W. C. KINGSLEY and Mr. G. N. ALLEN, for plaintiffs
in error.

Mr. W. J. MILES, guardian *ad litem*.

Mr. C. D. MAY and Messrs. MCINTYRE & BRAY, for de-
fendant in error.

BISSELL, J., delivered the opinion of the court.

This somewhat ancient suit was begun by Vandevier, the
defendant in error, against the heir at law to establish his
title to a piece of property which stood in the name of Harvey
Rarick when he died intestate. The other plaintiff in error,
Mrs. Fetta, was a judgment creditor of Rarick, and ultimately
came into the suit to assert a title by virtue of her judgment
against both parties. When the case was originally tried
Vandevier was put on the stand, and over the objection of
the intervenor gave testimony about the origin of his title.
An appeal was taken to this court and the judgment was re-
versed as will be seen by the opinion in *Fetta v. Vandevier*, 3
Colo. Ct. of App. 419. This was affirmed by the supreme
court and the case is reported in the 20th Colorado, 368.
Both courts reached the same conclusion, and so far as can
be seen, the opinion of this court was approved by that tri-
bunal. The principal ground on which the case was reversed
was the admission of Vandevier's testimony. I wrote the

opinion in that case and did not approve the transaction, nor deem the testimony by which Vandevier's title was established sufficient to warrant the judgment. ·I commented on it at some length, and expressed then the opinion that it was inadequate to establish a resulting trust in Vandevier's favor.

The case comes here again on very similar testimony, though one side insists it has greatly strengthened its case and the other, that it is weakened because of the absence of Vandevier's testimony. We do not intend in this opinion to express our views about it, to comment on the testimony at any length, or to restate the case, which will be found fully reported in the 3d Colorado Appeals. It is undoubtedly true, that if it has been satisfactorily established that Vandevier gave Rarick $1,200 of the consideration money for the purpose of buying the property, and that by the terms of the agreement Rarick was to put up the other $400 of the purchase price and hold the title when it should be conveyed to him for the benefit of the one who advanced part of the purchase money, a resulting trust would arise in favor of him who put up the price. There is no doubt about that law, nor is there any doubt that the trust would arise if Vandevier had given Rarick money and Rarick had bought the place, even though the particular bills which Vandevier furnished had not made a part of the payment, but Rarick applying the particular money to his own use, had supplied its place with money of his own. I am still quite of the opinion that there is very grave doubt respecting the sufficiency of the proof, but we do not feel at liberty to put our judgment or our conclusion against the judgment of the trial court. The case was first tried before a judge of the district court, who entered judgment on the proofs. On reversal, it was tried again before one of the learned district judges of this county, who probably in view of the antecedent opinion of this court, deemed it wise to call a jury to answer certain specific questions. The evidence was submitted to the jurors, who answered all the questions which were requisite to Vandevier's recovery in the affirmative, found that the facts were with

him, and this finding met the approval of the judge who thereupon entered a decree in Vandevier's favor. As it seems to us it is too much to ask of this court, to either have or express a pronounced opinion against a recovery thus trebly sustained by two judges and the verdict of a jury. We shall therefore accept the findings as conclusive and the facts being found, the judgment is entirely legitimate. Whether on appeal the supreme court will agree with this disposition of the cause, we of course cannot anticipate, but the general respect which appellate courts pay to conclusions of fact as expressed in repeated judgments and in the verdict of a jury is too well recognized to permit us to pursue any other course. This very meager statement of our conclusion respecting the case is enough, viewed in the light of the antecedent decision, and we shall not again refer to it.

There are two or three minor errors which are too insignificant to affect the judgment, but they will be noticed in deference to the arguments which counsel have made on the propositions. During the progress of the trial a stipulation was offered, signed by counsel for the intervenor, the guardian *ad litem*, and the plaintiff's attorney, which simply covered what was before shown by direct proof of the bank's books which exhibited the state of Rarick's account at the time he gave the check in payment for the property. It is insisted that the guardian *ad litem* did not have the power to make the stipulation, and that it is available to reverse the case, and should in no event have been admitted. We are unable to see the force of this objection because the matter had once been established in the regular method, and the introduction of the stipulation simply obviated the production of the bank's books. The power to make this kind of a stipulation is quite within the authority of a guardian *ad litem*, and cannot be taken as prejudicial to the minor's interests.

Rarick's declarations before his death were clearly inadmissible for they were not made in Vandevier's presence, and might or might not have been self-serving.

Error is also laid on the rejection of Izberg's evidence of

Vandevier's declarations as to his financial condition.   As we read the record these declarations were made after Rarick's death, and after Vandevier's money as found by the verdict had gone into the purchase of the lot, and were not totally and wholly irreconcilable with his contention that the purchase was made with his money.   In any event, they only bear remotely on the question at issue, and since this was established by direct proof, if its rejection was error, it was error which could not have affected the result.

This disposes of the principal errors insisted on, and to our minds is the necessary disposition of the appeal.

Discovering no errors in the record, the judgment will be affirmed.

*Affirmed.*