## BOLLING et al. v. CAMPBELL.

No. 2008.    Opinion Filed September 12, 1912.

Rehearing Denied January 7, 1913.

(128 Pac. 1091.)

1. INFANTS—Actions Against Minors—Defenses. It is the duty of courts to guard with jealous care the rights of minors in actions brought against them. No presumption against an infant can be permitted, but, on the contrary, every presumption is indulged in his favor, and a guardian ad litem must see to it that every question available in the defense of his ward is urged and acted upon by the court; and in case of the failure of the guardian ad litem to properly discharge his duty in that or any other respect it becomes the imperative duty of the court to protect the infant's rights.

2. SAME—Service of Summons—Substituted Service. Where the defendant is a minor under the age of fourteen years, service of summons must be upon him and upon his guardian or father, or, if neither of these can be found, then upon his mother or the person having the care and control of the infant, or with whom he lives; if neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient.

3. SAME—Service of Process—Waiver. An infant cannot waive the issuance and service of summons, nor can any person, not even his guardian, do so for him.

4. SAME—Appointment of Guardian—Time—Service of Summons. A court cannot appoint a guardian ad litem for an infant until after service of summons has been made as required by statute.

5. SAME—Return. Under Comp. Laws 1909, secs. 5598, 5611, relating to service of process, an officer's return of service on infant

defendants failing to show whether they were over or under fourteen years of age, and reciting merely that summons was left at their usual place of abode, by leaving copies in the hand of C. D., who was a member of their family, did not show service.

(Syllabus by Robertson, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by H. W. Campbell against W. C. Bolling, individually and as guardian of Theodore and Octavia Bolling, and others, to recover money alleged to be due for certain improvements on real estate belonging to the minors. Judgment for plaintiff, and defendants bring error. Reversed, and cause dismissed.

This is an action by H. W. Campbell against W. C. Bolling and W. C. Bolling as guardian of Theodore and Octavia Bolling, and Theodore and Octavia Bolling, to recover money alleged to be due him on account of certain improvements made on real estate belonging to said Theodore and Octavia Bolling.

The petition charges, in substance, that W. C. Bolling is the father of Theodore and Octavia Bolling, and prior to June 1, 1907, was the natural guardian of said minors and in control of their land; that on June 19, 1907, he was duly appointed by the United States court at McAlester as the guardian of the persons and estates of said minors, and is still acting in said capacity; that Theodore and Octavia are infants of Indian blood, and have lands allotted to them in severalty in Jefferson county, Okla.; that said W. C. Bolling, as the natural guardian of said minors, made two written contracts with one C. S. Gibson, by which he leased to said Gibson the lands belonging to said infants for a term of five years, one lease being for 320 acres and one for 100 acres of land; that the lease for the 100-acre tract was assigned to H. W. Campbell, plaintiff below, defendant in error herein.

It is further charged that in September, 1907, W. C. Bolling filed a complaint against Campbell in the intruder's court at Muskogee, and asked that he be dispossessed of said land, but that, prior to a final determination of the question involved in

said proceedings in said intruder's court, the said W. C. Bolling, as guardian of said minors, entered into an oral contract with defendant in error, by which he agreed to pay said defendant in error for the improvements made on said real estate.

On January 29, 1909, the defendant W. C. Bolling, and W. C. Bolling as guardian, filed a plea in abatement in said action, on the ground that the district court of Jefferson county was without jurisdiction of the persons of the defendants; that the defendants resided in Pittsburg county, Okla., and the action was brought and pending in Jefferson county, Okla. Said plea was by the court sustained, by consent of both parties, as to W. C. Bolling personally, and a judgment was thereupon entered, dismissing the action as to him.

Thereafter, on February 3, 1909, the plaintiff filed his praecipe for summons in the office of the clerk of the district court, directed to the sheriff of Pittsburg county, to be served upon the minors. Summons was duly issued, and on February 8, 1909, the following return thereof was filed in the office of the clerk, to wit:

"Sheriff's Office, Pittsburg County, Oklahoma. I received the attached summons on the 5th day of February, 1909, and executed the same in my county by leaving a true and certified copy of the attached summons at the usual place of residence of the within-named Theodore Bolling and Octavia Bolling, for each of them by leaving said copies in the hand of Clermont Dixon in the presence of the said Theodore Bolling, and the said Clermont Dixon being their aunt, and a person over the age of fifteen years, and a member of their family; whereupon the said Clermont Dixon delivered to Theodore Bolling, in my presence, one of such copies, so certified. Witness my hand this 8th day of February, 1909. John A. Harrison, Sheriff, by W. S. O'Neil, Under-sheriff."

On September 7, 1909, the court appointed one Carl Monk guardian *ad litem* for said minors, who on the same day filed a general demurrer to plaintiff's petition, which was overruled by the court; whereupon an answer was filed, trial was had, a verdict returned in favor of plaintiff in the sum of $400, judgment entered thereon, and from said judgment the minors appeal.

*James S. Arnote,* for plaintiffs in error.

*Charles E. Davis,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). Without doubt the subject of this action is the right of the plaintiff to recover of the defendants a money judgment for the value of the improvements made by him on their allotments. The title to the land is not involved; nor is the right of possession of the land in question. The suit involves only the right to recover a money judgment. No suit could be maintained against the minors until they had been brought within the jurisdiction of the district court by proper process, in strict conformity to the provisions of the statute.

It is the duty of the court to guard with jealous care the rights of minors in actions brought against them. No presumption against an infant can be permitted, but, on the contrary, every presumption is indulged in his favor, and the guardian *ad litem* must see to it that every question available in the defense of his ward is urged and acted upon by the court; and in case of the failure of the guardian *ad litem* to properly discharge his duty in that or any other respect, it then becomes the imperative duty of the court to protect the infant's rights. A motion to quash the summons and a plea in abatement was duly filed in the court below, but for some reason or other they do not appear to have been passed upon by the court. The record shows that the only service of summons had upon the infant defendants was in Pittsburg county. In this case the real parties in interest all lived in Pittsburg county. None of them lived in Jefferson county, and the provisions of our statute require that the parties in such a case must be sued in the county where they reside. Had one of them lived in Jefferson county, it might be that the service of summons as to the others could be made in some other county. It has been repeatedly held by the Supreme Court of Kansas, from which state our Civil Code came, that where a party living in the county where the suit is brought is not a real party in interest, but is made a party to the suit, and the summons then runs to other counties, and is served upon the

other defendants, that the court obtains no jurisdiction of the defendants served in other counties than that in which the suit is pending. In *Wells v. Patton,* 50 Kan. 732, 33 Pac. 15, it is said:

"Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom some substantial relief may be obtained; and the action must be rightfully brought in the county in which it is brought, and as against the person served with summons in such county."

In *Milling Co. v. De Witt,* 65 Kan. 665, 70 Pac. 647, it is said:

"The commencement of an action against an adventitious defendant in one county, and the service of process on him there, will not give the court jurisdiction of the real defendant, who is served with summons in another county."

It must be remembered in this case that none of the defendants resided in Jefferson county; hence the reasons urged in the above cases would be much stronger in the case at bar.

In 32 Cyc. 455, it is said:

"The general rule is that valid service of process cannot be made upon a defendant outside of the territorial jurisdiction of the court, so as to confer jurisdiction over the person."

See, also, in support of this doctrine, 19 Ency. Pl. & Pr. 604; *Ford v. Adams,* 54 Ark. 137, 15 S. W. 186; *County v. Rush,* 44 Kan. 231, 24 Pac. 484. Hence we conclude that the pretended service of summons on the minors in Pittsburg county was a nullity, and gave the court no jurisdiction of their persons.

But admitting for the sake of argument that service could be made on the minors in Pittsburg county, yet the return shows in this case that no such service was made upon them as is required by the provisions of the statute. Section 5611, Comp. Laws 1909, provides:

"When the defendant is a minor under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother or the person having the care and control of the infant, or with

whom he lives; if neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults."

An examination of the return of the summons as herein-above set out will disclose that no age of the minors is given whatever, and we cannot determine whether they were above or over the age of fourteen years or not; further, the return fails to show any service whatever upon the minors, or upon their guardian or father, etc., as is required by law. The return in this particular is fatally defective, and, conceding that the service in Pittsburg county was sufficient to confer jurisdiction upon the district court of Jefferson county, yet the manner of service, as disclosed by the return of the sheriff, shows that it was not in conformity with the provisions of the statute, and the motion to quash should have been sustained by the court.

Section 5598, Comp. Laws 1909, reads:

"The service should be made by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence with some member of his family over fifteen years of age at any time before the return day."

This section means that the service *must first be made upon the minor defendant personally,* and if said defendant cannot be found, then the service may be made by leaving a copy at his usual place of residence with a member of his family. The return in this case shows an utter failure to comply with this requirement of the statute.

It must also be remembered in this case that, according to the provisions of our statute, two persons must be served when the infant is under fourteen years of age—that is to say, the *infant* and the *guardian or father*—and if the guardian or father be not found, then the service must be upon the person having such infant in charge. In the case at bar the officer's return shows that the summons was left at the usual place of abode of said infants, by leaving copies in the hand of Clermont Dixon, who was a member of their family. If the minors were over the age of fourteen years, the service was clearly insufficient, and shows that the copy delivered to Clermont Dixon was given by the

latter to Theodore Bolling, one of the minors, and this is not the method required to be followed by the statute. *The officer must serve the process.* He cannot delegate this authority to some other person.

From a consideration of the foregoing, it is apparent that no proper or legal service of summons was had upon the minors in this case, and it goes without saying that *an infant cannot waive issuance and service of summons; nor can any person, not even his · guardian, do so for him.* An adult can waive jurisdiction of his person, and will do so if he appears in court and pleads to the merits; but with an infant it is different, and in a case where personal service upon an infant is required, such as the one at bar, he cannot waive such service; nor can his guardian or guardian *ad litem,* or his attorney, waive it for him. 10 Ency. Pl. & Pr. 612; 22 Cyc. 681. Nor can any person appear for an infant until he is brought into court according to law. 10 Ency. Pl. & Pr. 671.

Section 5565, Comp. Laws 1909, reads as follows:

"The defense of an infant must be made by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a probate (county) judge; *the appointment cannot be made until after the service of the summons in the action as directed in this Code.*" (Italics ours.)

It thus appears that a guardian *ad litem* can be appointed only after a service of summons in the action as required by the provisions of statute.

There are a great many other specifications of error assigned and urged by the plaintiffs in error in this case. Their brief was filed in this court on May 31, 1911, and presents in a careful and exhaustive manner the questions involved in this case. More than a year has elapsed since their brief was filed, but the defendant in error has not deemed it necessary to present his side of the case by brief; nor has he shown or offered any excuse for his failure to do so. Under a well-established rule of this court we are not required to search the record to find some theory upon which the judgment may be sustained; and where the brief

filed appears reasonably to sustain the assignments of error the court may reverse the judgment in accordance with the prayer of the petition of the plaintiff in error. *Doyle v. School Dist. No. 38,* 30 Okla. 81, 118 Pac. 386; *Bank of Grove v. Dennis,* 30 Okla. 70, 118 Pac. 570; *Phillips v. Rogers,* 30 Okla. 99, 118 Pac. 371.

For the reasons given, and for failure to file brief, the judgment of the district court of Jefferson county should be reversed and the cause dismissed.

By the Court: It is so ordered.