## CUDJO et al. v. HARRIS et al.

No. 15516—Opinion Filed March 16, 1926.

Rehearing Denied July 13, 1926.

**1. Mortgages—Foreclosure — Sale Proceedings—Confirmation—Time for Objections —Review.**

In a mortgage foreclosure action, where the court has jurisdiction of the parties and subject-matter and judicial power to decree a sale, and does so, and the sale proceedings thereafter had pursuant to such decree are in all respects regular and valid as to all parties who are sui juris, except that the sale is made before the expiration of six months from the entry of the decree, the mortgage containing the phrase "appraisement waived", such premature sale is erroneous as a matter of law and is subject to correction on proceedings in error if timely objections are interposed against confirmation.

**2. Same—Conclusiveness of Confirmation.**

But where no exceptions to the sheriff's return of sale are filed and no objections interposed against confirmation, an order confirming such sale is conclusive on all parties sui juris after the expiration of the term, and is impervious to attack by motion to vacate thereafter filed on nonjurisdictional grounds.

**3. Infants—Reserved Rights Against Erroneous Judgments—Statutes.**

Infants have reserved to them by statute (sec. 684, Comp. St. 1921) the same right to relief against erroneous orders and judgments as was formerly reserved to them in decrees in chancery, except that the time has been extended to 12 months after attaining full age, and by subdivision 8 of section 810, the courts are granted power to effectuate those rights at or after the term at which such erroneous orders or judgments are entered.

**4. Same — Foreclosure Action — Infant's Rights not Waived by Lack of Assertion by Guardian Ad Litem.**

A guardian ad litem must represent an infant defendant throughout the suit, and sale proceedings under a decree of sale are a part of a foreclosure action, so that a failure of a guardian ad litem to file exceptions to a sheriff's return of sale in such action, and his failure to object to confirmation thereof cannot waive or cure an error of law appearing in such sale proceedings so as to preclude an infant defendant from asserting his right to have such error reviewed at any time after confirmation and within twelve months after attaining full age.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Motion by King Cudjo et al. to vacate an order confirming a sheriff's sale of land and to cancel the sheriff's deed to V. V. Harris. Motion denied and overruled, and movants bring proceeding in error to reverse action of trial court. Affirmed in part and reversed in part, with directions.

It appears that in 1913 King Cudjo was the owner of the fee simple title to the S. E. ¼ of the N. E. ¼ of section 12, T. 7 N., R. 7 E., and that his wife, Dafne Cudjo, was the owner of the fee simple title to the N. E. ¼ of the N. E. ¼ of the same section, these two adjoining 40-acre tracts being occupied and used by the family as a homestead. King Cudjo and his wife executed a mortgage covering the two tracts of land to secure a loan of $800. Subsequently, they executed another mortgage to secure an indebtedness of $2,100, but a consideration of this latter mortgage is immaterial in determining the questions here presented. Both mortgages contained the provision waiving appraisement. Dafne Cudjo died in September, 1921, leaving surviving her husband, King Cudjo, and four children. viz.: Ada, Avaline, Mack, and Perryman Cudjo. On April 21, 1922, action was commenced in the district court

of Seminole county. A decree of foreclosure was entered June 16, 1922. Two of the children of Dafne Cudjo were minors at the time of the institution of the action and of the decree of foreclosure. A guardian ad litem was appointed for these two minors. As to the first mortgage above mentioned, the decree of foreclosure was silent as to the provision waiving appraisement and simply directed that an order of sale issue to the sheriff "commanding him to advertise and sell, according to law, after legal appraisement, in order to satisfy the judgment herein rendered in favor of plaintiff on the first count of his petition," the lands above described. An order of sale was issued under said decree June 27, 1922, the property was appraised by three appraisers and sold by the sheriff August 23, 1922. Thereafter, on October 16, 1922, order of confirmation of said sale was entered by the trial court. No appeal was taken from the decree of foreclosure of June 16, 1922, nor from the order confirming sale entered October 16, 1922. Thereafter, on February 29, 1924, King Cudjo and his four children filed the motion involved in this instant proceeding to vacate said order of confirmation and to cancel the sheriff's deed. Issues were duly made up on this motion, and the cause was submitted to the trial court February 29, 1924, which resulted in an order denying and overruling the motion, and this proceeding in error has been prosecuted to review this action of the trial court.

Anglin & Stevenson, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

Opinion by LOGSDON, C. This proceeding brings into question the validity of the sale proceedings based upon the decree of foreclosure. The motion to vacate does not question the validity of the foreclosure decree, but is directed to the sale proceedings based on that decree and to the order of the court confirming such sale. The decree of sale reads:

"And it is further ordered and adjudged by the court that an order of sale issue to the sheriff of said county of Seminole, state of Oklahoma, commanding him to advertise and sell, according to law, after legal appraisement. in order to satisfy the judgment herein rendered, in favor of the plaintiff on the first count of his petition, the land described in the first count of said petition, situated in Seminole county, Okla., to wit: (describing land), and to apply the proceeds arising from said sale, as follows, to wit. * * *"

The order of sale issued by the clerk to the sheriff reads:

"Now, therefore, you are hereby commanded to cause the said lands and tenements of said debtor, described above, to be appraised, advertised, and sold, according to law, and make return of this order, with your certificate thereon, showing the manner in which you have executed the same, within 60 days from the date hereof."

It is thus apparent that the order of sale was in strict conformity to the decree. No complaint is made as to the regularity of the sheriff's proceedings under this order, but the contention is that because the mortgage contained the provision "appraisement waived", the sale of the mortgaged premises before the expiration of six months renders the entire sale proceeding void. In support of this contention plaintiffs rely on three opinions of this court, to wit: Hancock v. Youree, 25 Okla. 460, 106 Pac. 841; Tolbert v. State Bank of Paden, 30 Okla. 403, 121 Pac. 212; Owens v. Culbertson, 65 Okla. 137, 164 Pac. 975. In the Hancock Case the trial court set aside the sale proceedings on the ground that competitive bidding was prevented. The case was brought to this court to review that order. The action of the trial court was affirmed upon the ground stated, and this court, inter alia, said that the record also disclosed that the sale was made within six months without appraisement. In the Tolbert Case objections were filed to confirmation, objections overruled, and an order of confirmation entered. Proceedings in error were brought to this court to review that action of the trial court, and its order was reversed. In the Owens Case the order of sale was issued more than six months after the decree was entered, so that the question here involved was not considered.

It will be observed that in the Hancock Case and in the Tolbert Case, the question of the validity of the sale proceedings was raised in the trial court by objections to confirmation, and the action of the trial court on those objections was the matter under review in this court. In other words. the review here in both cases was upon the merits of objections to the sale timely interposed. In the instant case no objections to confirmation of sale were interposed, but it is here sought to vacate the order of confirmation on motion filed more than 15 months after the order confirming sale was so entered without objection. No question is raised here as to the complete jurisdiction of the trial court at the time the decree of foreclosure was entered. Having complete jurisdiction originally. that jurisdiction continued unimpaired and inheres in the order of confirmation. If, in the exercise of this unquestioned jurisdiction, the trial court er-

red in its order of confirmation, is such error reviewable on motion to vacate filed long after the term expired?

In the case of National Surety Co. v. S. H. Hanson Builders' Supply Co., 64 Okla. 58, 165 Pac. 1136, judgment had been entered impressing a lien upon property of a school district. Fourteen months after the judgment was entered motions to vacate same were filed on the ground that such judgment was against public policy, illegal, and void. This motion was denied by the trial court. In discussing the validity of the judgment, notwithstanding the error of law committed in rendering it, Justice Sharp said:

"No claim is made that the court did not have jurisdiction of the parties or of the subject-matter, but it is said, as we understand, that the court did not have power to render the judgment that it did, whereby a public building was charged with a lien and an order made directing that a tax be levied in satisfaction thereof. This position is obviously erroneous, as it in effect concedes that, had the court rendered judgment denying the lien, it would be valid; in other words, that the power of a court of general jurisdiction to render a judgment in a class of actions, in which it has jurisdiction both of the parties and subject-matter, is dependent upon the character of relief granted, or in whose favor the judgment is entered. We know of no authorities sustaining this view of the law."

In the instant case, if the trial court had denied confirmation on the ground that the sale had been made before the expiration of six months from the entry of the decree, its order and judgment would unquestionably have been correct, and a valid adjudication. That the court erred in confirming the sale cannot change the nature of the adjudication. This error was subject to correction on appeal or proceedings in error, but, as said by Justice Sharp in affirming the case last above cited:

"A mistake of law on the part of the trial court affords no ground for the vacation of a judgment in the manner here attempted. The authorities sustaining this view are numerous, and, so far as we know, unanimous." (Citing many authorities.)

No fraud or unfairness in the sale proceedings is alleged or proven. The court had jurisdiction of the parties and of the subject-matter, and judicial power to determine that the sale had or had not, in all respects, been made in conformity to law and its own previous orders, and these three essentials to a valid order and judgment being present, its action in confirming the sale, even though erroneous is not subject to attack in this proceeding. at least by those movants who

were adults when the order of confirmation was entered.

Does a different rule apply to the minor movants?

It appears by the verified motion that at the time it was filed Perryman Cudjo and Mack Cudjo were minors, and by stipulation preserved in the record, it is shown that at the date of hearing on the motion Mack Cudjo was then a minor. It also appears in the record that in the original foreclosure action a guardian ad litem was appointed for these minors. Since the recitals of the journal entry of the decree of foreclosure affirmatively disclose the presence of the guardian ad litem at the trial, and affirmatively disclose that the decree against the minors was not entered on default, it must be presumed in this proceeding that the guardian ad litem filed an answer and actively represented the minors on the trial. But did his duties cease with the entry of the foreclosure decree?

A guardian ad litem is appointed "for the suit" (Comp. Stat. 1921, sec. 216), and the sale proceedings. though subsequent and ancillary to the foreclosure decree, are a part of the suit because necessary to complete the remedy sought in the action. No right can be waived by or for an infant. Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091; Iowa Land & Trust Co. v. Dawson, 37 Okla. 593, 134 Pac. 39. The statutory right to six months' delay in the sale after foreclosure, as a consideration for waiving appraisement in the mortgage, is a valuable right. Hancock v. Youree, supra; Tolbert v. State Bank of Paden, supra. Being a valuable right possessed by their mother at the time of her death, these minor movants succeeded to that right as her heirs to undivided interests in the 40 acres mortgaged by her. The order of confirmation recites that no exceptions were filed or objections made to the sheriff's return under the order of sale. It is therefore evident that the guardian ad litem did nothing to protect this valuable right of these minors.

By the provisions of Comp. Stat. 1921, sec. 810, the district courts of the state are granted power to vacate or modify their own judgments or orders at or after the term at which they are entered in certain instances specifically set forth in the subdivisions of the section. Subdivision 8 grants this power:

"For errors in a judgment, shown by an infant in 12 months after arriving at full age, as prescribed in section 684."

Section 684, Id., reads:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of 21 years, may show cause against such order or judgment."

In Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273, in discussing the effect of subdivision 8 and sec. 684, considered together, this court said:

"The district court itself has the power to vacate or modify its own judgment for errors shown by an infant within 12 months after arriving at full age, as prescribed in section 5935 (sec. 684), which covers those errors, which under the old chancery practice the infant would have had a right to show cause against, if the right had been reserved to him in the decree. Under the code practice, this reservation is unnecessary, but the infant has that right nevertheless under the statute."

The old chancery practice above referred to, material to be considered in the instant case, and the rights which could be asserted by the infant thereunder, are thus stated in Daniell's Chancery Pleading & Practice, vol. 1, star page 167:

"In the case of a foreclosure, whether the legal estate be or be not vested in the infant, it is still usual to insert in the decree a clause allowing the infant six months after he comes of age, to show cause against the decree, unless the infant is a trustee. Yet, in cases of foreclosure, the only cause which can be shown by the defendant is error in the decree; and it has been held that he may not unravel the account, nor is he so much as entitled to redeem the mortgage by paying what is due."

It seems clearly evident, therefore, that the power of the district court, at or after the term at which an order or judgment is rendered, to protect the rights of infant defendants by correcting errors therein which prejudice the rights of said infants, as that power was formerly exercised in chancery, was intended to be preserved by the above quoted statutory provisions. It must also follow as a necessary corollary, that if a trial court errs as a matter of law in denying such relief to an infant defendant seeking such correction, this court, on proceedings in error, has power to review and correct such error.

It is therefore concluded that the trial court in the instant case erred as a matter of law in confirming the sale made by the sheriff, before the expiration of six months after decree of sale was entered, of the undivided interests of Perryman Cudjo and Mack Cudjo in and to the N. E. ¼ of the N. E. ¼ of sec. 12, T. 7 N., R. 7 E., in Seminole county, theretofore mortgaged by their mother in her lifetime, and as to which she had waived appraisement, and that it also erred in denying the motion of said minors to vacate such order as to them because of such error.

For the reasons herein stated, the order and judgment of the trial court is in all things affirmed as to each and all of the movants except Perryman Cudjo and Mack Cudjo. As to the two last named, the order and judgment of the trial court is reversed, with directions to vacate the order confirming sale as to their undivided interests in the 40 acres last above described, to order a resale of such undivided interests without appraisement, and for such other and further proceedings as may be necessary to conform to the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 1694, 1708. (2) 27 Cyc. pp. 1709, 1710. (3) 31 C. J. p. 1171 § 363. (4) 31 C. J. p. 1141 § 298; p. 1143 § 304.