## MOSIER et al. v. ASPINWALL.

No. 19547. Opinion Filed June 16, 1931.

Rehearing Denied Aug. 4, 1931.

John L. Arrington, W. H. McKenzie, and Edgar Anderson, for plaintiffs in error.

Russell & McTighe, for defendant in error.

CULLISON, J. The parties will be referred to as they appear in the court below. Georgia Aspinwall, as plaintiff, instituted suit against Walter L. Mosier, defendant, in the district court of Tulsa county, Okla., to

secure the annulment of marriage between plaintiff and defendant, and also asked for $25,000 damages for seduction by said defendant. The defendant was a minor Osage Indian residing in Osage county, Okla. The plaintiff was a resident of Tulsa county, Okla. The defendant had been married previous to the marriage in question and a divorce had been secured between him and his former wife, but the six-months period had not expired at the time of the marriage between the plaintiff and defendant. Plaintiff and defendant met in Colorado Springs, Colo., on or about the 18th day of July, 1925, and on the 20th day of July, 1925, they were married in Denver, Colo. They stayed in Denver for some two or three days, then resided at points in Kansas up to August 22, 1925, and after said date ceased to live together as husband and wife. The record discloses that defendant was arrested in Tulsa county, Okla., on or about December 12, 1925, charged with bigamy by plaintiff herein, and while in the jail of Tulsa county, Okla., plaintiff caused summons to be served on defendant in this suit, on December 14, 1925. In this suit plaintiff asks for annulment of the marriage, and damages in the amount of $25,000 for seduction.

On January 26, 1926, defendant, through attorneys, filed an answer in said cause, and among other things suggested that a guardian ad litem be appointed for the defendant, and in accordance therewith the court made an order appointing H. C. Hargis, an attorney, as guardian ad litem for defendant herein, and said guardian ad litem on March 23, 1926, filed his answer for defendant in said cause, in the form of a denial and by pleading his defense against said cause for damages. The case was called for trial on April 29, 1926, and neither the defendant, his guardian ad litem, nor attorneys for guardian ad litem appeared, but made default, and default judgment was rendered against defendant without a jury for damages in the sum of $25,000.

Thereafter, the defendant, through his guardian, instituted proceedings by petition under sections 810, 812, 817, and 684, C. O. S. 1921, to vacate said default judgment.

Section 810, C. O. S. 1921, provides:

"810. When district court may review its judgments. The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * * Seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending. Eighth, for errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 684. * * *"

Section 812, C. O. S. 1921, provides:

"812. Proceedings by petition, when. The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight, and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Said matter came on for trial March 6, 1928, and the court proceeded under section 813, C. O. S. 1921, as shown by page 113 of the record, where the following appears:

"By the Court: Yes, in other words, I take it this is true, that testimony should be taken going to the question of vacating the judgment, perhaps, first, and then if the court feels that perhaps the judgment ought to be vacated, that then testimony should be introduced as to the defense."

And in accordance with said holding of the court, the defendant in the original cause, who is the moving party in the petition to vacate the judgment, offered evidence in support of his petition to vacate said judgment. And at the conclusion of the testimony the court ordered that the petition to vacate the judgment be overruled and that the judgment remain in full force and effect.

To review said ruling of the court, the defendant appeals to this court. He assigns as error that the judgment was rendered without legal service of summons; that the judgment was obtained by fraud upon the part of plaintiff; that the judgment was rendered without a jury and by default; and that the judgment was rendered without a defense being by a guardian ad litem.

In consideration of the first assignment of error raised by said defendant, namely, that the judgment was rendered without legal service of summons, the record discloses that defendant was in Tulsa county, Okla., at the time he was arrested on a bigamy charge and placed in the jail of Tulsa county, Okla., and that while in said jail he was served with a summons in this cause. The record nowhere discloses that the defendant in any way questioned the validity of said service by any motion in the original case. If there was a question as to the validity of said service, the defendant's right to question the same was in the original proceeding before entering his appearance therein, and after entering his appearance and pleading to the merits of said cause he has no grounds to question the validity of said summons. The defendant should have exercised his

right to question the validity of said summons before taking any steps in said cause, and since he did not do so, it is too late to raise said question now. We do not mean by this holding that a party could be arrested and brought into a county and served with summons and that said service would be good, because in this case the defendant was voluntarily in the county at the time of his arrest and the statutory privilege given to witnesses and litigants protecting them against services of summons while attending matters in court does not appear to apply to the same extent to a person charged with a crime as to, a person appearing in civil matters, as held by this court in Hixon v. Chamberlin, 116 Okla. 77, 243 Pac. 183.

The defendant next raises the question of error that the judgment was rendered without a defense being made by a guardian ad litem. The record discloses that said case was set for trial on a day certain and that a district judge from an adjoining district was assigned to Tulsa county to hold court, and that said matter came on to be heard and judgment was rendered by said judge. All former proceedings in said cause had been handled before the regular judges for said district. They had appointed a guardian ad litem in said cause and were more or less familiar with the said matter. When said case was called for trial no one appeared on behalf of defendant or on behalf of his guardian ad litem. A guardian ad litem appointed by the district judge is an arm of said court, and it is the duty of the said court to see that officials appointed by the court properly care for matters intrusted to them. Defendant herein was a minor and entitled to the protection of a guardian ad litem. The guardian ad litem appointed did not appear to be diligent in pursuing the duties of his trust, and when said cause was called for trial and nobody appeared to defend therein it was the duty of the trial judge on ascertaining that a guardian ad litem was appointed for said defendant to ascertain what said guardian ad litem was doing and direct that he appear in court, and if said guardian ad litem was not properly representing the party for whom he was appointed, the court should then in the furtherance of justice appoint a guardian ad litem who would properly represent said minor.

From our knowledge of the district judges of this state and the high quality of men who are holding such positions, we doubt if the assigned judge was ever aware of the fact that there was a guardian ad litem in said cause. However, if he was aware of said fact and proceeded without said guardian ad litem representing said minor, such conduct should not be sanctioned by this court. In the instant suit, plaintiff requests judgment in the sum of $25,000, which is a very substantial sum, and before a judgment in that amount should be rendered on default against defendant, who is a minor, all proper precautions and due diligence should be exercised.

This court has had before it, and passed upon, the question of rights of minors when represented by a guardian ad litem, and in the case of Cudjo v. Harris, 119 Okla. 69, 248 Pac. 343, this court says:

"* * * (4) A guardian ad litem is appointed 'for the suit' (Comp. Stat. 1921, section 216), and the sale proceedings, though subsequent and ancillary to the foreclosure decree, are a part of the suit because necessary to complete the remedy sought in the action. No right can be waived by or for an infant. Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091; Iowa Land & Trust Co. v. Dawson, 37 Okla. 593, 134 Pac. 39. * * *"

In the case of Midland Savings & Loan Co. v. Carpenter, 137 Okla. 204, 279 Pac. 310, at page 209 (279 Pac. 315), this court makes the following statement in regard to the duty of a court in its protection of minors:

"* * * It is the imperative duty of a court to guard the rights of minors in actions brought against them, and, in case of a failure of a guardian ad litem to properly discharge his duty in that or any other respect, it then becomes the duty of the court to protect such rights. Bolling et al. v. Campbell, 36 Okla. 671, 128 Pac. 1091; see, also, Cudjo et al. v. Harris et al., 119 Okla. 69, 248 Pac. 343; Tanner, Adm'x, et al. v. Schultz et al., 97 Okla. 132, 223 Pac. 174. In the Cudjo v. Harris Case the court at page 71 of 119 Okla. (248 Pac. 345) says: 'No right can be waived by or for an infant.' To the same effect, Story, Eq. Pl., section 871; Wright v. Miller, 1 Sandf. Ch. (N. Y.) 109; Mary White et al. v. William J. Miller, Exec., 158 U. S. 128, 15 S. Ct. 788, 39 L. Sd. 921. * * *"

In the recent case of Fowler et al. v. Humphrey Investment Co. et al., 142 Okla. 221, 286 Pac. 867, this court had under discussion a minor's rights, and said:

"'Infants have reserved to them by statute (sec. 684, Comp. St. 1921) the same right to relief against erroneous orders and judgments as was formerly reserved to them in decrees in chancery, except that the time has been extended to twelve months after attaining full age, and by subdivision 8 of section 810, the courts are granted power to effectuate those rights at or after the term at which such erroneous orders or judgments are entered.'

"By section 812, C. O. S. 1921, in so far as the same is here applicable, it is provided:

" The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision * * * eight * * *, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action.' "

In the cases just cited suits had been instituted in the district court for the purpose of setting aside judgments previously rendered, and this court approved said procedure.

In the case of McLaughlin et al. v. Nettleton et al., 69 Okla. 74, 183 Pac. 416, this court passed on the question of where an attorney for defendant withdrew from a case without notice to his client and default judgment was rendered against defendant; defendant then filed a petition to vacate the default judgment, and this court sustained the petition, ordered the default judgment vacated, and said:

"We are constrained to believe that if this judgment could stand it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls."

In the case under consideration the guardian ad litem did not defend or do anything to protect the minor defendant except file an answer. The guardian ad litem was appointed by the court. It was the duty of the court to see that he represented said minor. In the McLaughlin Case this court vacated the default judgment and ordered the case tried on its merits where the attorney withdraw from the case and default judgment was rendered against his client. In the case at bar, the guardian ad litem who was appointed by the trial court failed to do his duty, and therein the court itself failed in its obligation. In this case, in accordance with the above authorities, we hold that justice requires that the case be tried on its merits and a verdict reached in accordance with the law and the evidence in said case. The order of the district court denying defendant's petition to vacate the default judgment is reversed, and remanded, with directions that said cause be reinstated, said default judgment be set aside, and further proceedings had thereon consistent with this opinion.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent, not participating.

### On Rehearing.

CULLISON, J. On rehearing, our attention is called to the fact that in the trial in the district court of Tulsa county the trial court heard only the grounds to vacate the judgment, pursuant to the provisions of section 813, C. O. S. 1921, and did not hear evidence as to defense to the action, as required by section 814, C. O. S. 1921. When that court denied the petition to vacate, it did so without reference to any defense to the action. Upon the reversal of that judgment by this court and the remand of the cause to the trial court, it is necessary that the trial court hear evidence pursuant to the provisions of section 814, Id., as to the defense to the action before the judgment may be vacated.

It is contended on rehearing that after the rendition of the first judgment the defendant therein, the petitioner in the proceeding to vacate the judgment, accepted the benefits of the decree of annulment of marriage and married another woman. That is a matter that may not be considered under the provisions of section 813, Id., but it may be considered under the provisions of section 814, Id.

The order of this court contained in the opinion of this court of June 16, 1931, is vacated. The order of the district court of Tulsa county denying the defendant's petition to vacate the default judgment is reversed and the cause is remanded to that court, with directions to hear evidence, pursuant to the provisions of section 814, Id., and, if the evidence adduced shows a defense, as herein provided, to set aside the default judgment and to take further proceedings not inconsistent herewith.

All the Justices concur.

Note.—See under (2) 15 R. C. L. 733.