**THOMAS, Gdn., v. MONROE et al.**

No. 26501.    Feb. 2, 1937.

Rehearing Denied March 16, 1937.

Ledbetter & Ledbetter, for plaintiff in error.

Tal Crawford, Date Crawford, and C. T. Huddleston, for defendants in error.

HURST, J. The land involved in this action is situated in Pontotoc county and was allotted to William Monroe, full-blood Chickasaw Indian, who died in December, 1925. He left surviving him as heirs his widow, Ruth Monroe, a daughter, Hattie Monroe, and a minor son, James Monroe. Hattie died sometime during the year 1927 while a small girl, having never married and leaving no issue. The plaintiff, Lizzie Monroe, claims that she was also the daughter and heir of William Monroe.

In February, 1928, the widow, Ruth Monroe, executed a deed by which she conveyed to Guy L. Trimble an undivided one-third interest in the oil and gas and other minerals in the land. Upon petition being filed, alleging that William Monroe was a resident of Pontotoc county at the time of his death, the county court of Pontotoc county approved said deed. Trimble thereafter conveyed his interest in the land to C. T. Huddleston.

On November 17, 1934, Lizzie Monroe filed suit to have the land in question partitioned, alleging that she owned one-third of the land, James Monroe one-third, Ruth Monroe one-third of the surface rights, and C. T. Huddleston one-third of the oil and gas. A summons was issued and served upon the defendant, James Monroe, and upon his mother, Ruth Monroe, who was his legal guardian. Service was obtained on November 22d, but before Ruth Monroe was required to file an answer, she died, leaving James Monroe surviving her as her only heir. The action was never revived against the heirs of Ruth Monroe, but the plaintiff filed an amended petition in which she alleged the death of Ruth Monroe, dismissed the action against her, and further alleged that James Monroe was already a party to the action. On December 15, 1934, the court appointed a guardian ad litem for James Monroe, who filed an answer in which he denied the claims of plaintiff, but admitted that C. T. Huddleston owned one-third of the oil and gas rights. Judgment was rendered thereon for the plaintiff on January 12, 1935, which was the last day of that term, and the court decreed partition of the land, giving to plaintiff her one-third, to Huddleston one-third of the oil and gas, and the remainder to James Monroe. No motion for new trial was filed by any of the parties.

On January 8, 1935, Bob Thomas was appointed legal guardian for James Monroe, and thereafter on February 1, 1935, he filed a petition to have the judgment of January 12, 1935, vacated, the material allegations of which are, in substance, that the judgment was void because (1) the original petition failed to state a cause of action; (2) the cross-petition of Huddleston failed to state a cause of action; (3) the guardian ad litem was appointed before the expiration of the time allowed for James Monroe to appoint his own guardian; (4) that the answer of the guardian ad litem admitted allegations of Huddleston's cross-petition; (5) that the probate attorney had promised to look after the interests of James Monroe, but failed to do so. It was further alleged that James Monroe had a good defense, and attached an answer in which he denied that Lizzie Monroe was the daughter of the deceased allottee, and alleged that the said deed to Trimble was obtained by fraud, and was void for the reason that William Monroe was not a resident of Pontotoc county when he died and that said deed was not properly approved by the court. Huddleston filed an answer denying all these allegations, and upon the issues thus made, evidence was introduced. The court sustained a demurrer to the evidence of petitioner Bob Thomas, guardian of James Monroe, and entered judgment denying the petition to vacate. No motion for new trial was filed, and Bob Thomas as such guardian brings this appeal from that judgment.

1. The guardian contends that the judgment of January 12, 1935, is void, because the guardian ad litem was appointed to represent James Monroe, who was then 16 years of age, before the expiration of the time allowed for him to nominate his own guardian ad litem, as provided in section 150, O. S. 1931. The record shows that after the expiration of that period, the minor made no objection to the appointment and nominated no other person. The guardian ad litem filed an answer and appeared at the trial on his behalf. Under these circumstances, we hold that the judgment of January 12th is not void because of the irregularity in the appointment of the guardian ad litem. Welch v. Koch (Cal. App.) 88 P. 604. See, also, Johnston v. Guy (1933) 165 Okla. 156, 25 P. (2d) 625; Slemp v. City of Tulsa (1929) 139 Okla. 76, 281 P. 280.

2. The guardian also contends that the judgment of January 12th is void because the guardian ad litem of James Monroe admitted in his answer that Huddleston owned an interest in the land in violation of the provisions

of section 213, O. S. 1931, requiring the guardian of an infant to deny, in his answer, all the material allegations of the petition prejudicial to the minor he is appointed to defend. We cannot agree with this contention. There are numerous cases in which this court has held that an admission prejudicial to the minor is not binding upon him, but those cases do not contradict our view, inasmuch as they arose upon direct attack either in appeals by the minor after he became of age, or proper action to vacate judgment as being erroneous. The judgments in those cases were not held to be void, but voidable. Lowery v. Richards (1926) 120 Okla. 261, 248 P. 622; Mosier v. Aspinwall (1931) 151 Okla. 97, 1 P. (2d) 633; Pfister v. Johnson (1935) 173 Okla. 541, 49 P. (2d) 174; Fowler v. Humphrey Inv. Co. (1930) 142 Okla. 221, 286 P. 867, Cudjo v. Harris (1926) 119 Okla. 69, 248 P. 343; Sawyer v. Ware (1912) 36 Okla. 139, 128 P. 273. Although this precise question has not been passed on in this state, other jurisdictions have taken the view that an admission of a guardian ad litem may render the judgment erroneous and reversible on direct attack, but will not make it void. Goudy v. Hall, 36 Ill. 313, 87 Am. Dec. 221; Kromer v. Friday (Wash.) 39 P. 229; Rarick v. Vandevier, 11 Colo. App. 116, 52 P. 743; Maloney v. Dewey, 127 Ill. 395, 11 Am. St. R. 131; Biddinger v. Wiland (Md.) 10 Atl. 202.

3. The guardian further contends that the judgment of January 12th is void because the case was not revived against the heirs of Ruth Monroe, who died after she was served with summons but before the trial. We do not agree with this contention, for the reason that the sole heir, James Monroe, was already a party defendant and had been served with summons. It has been held by this court that a judgment rendered against a deceased person, without revivor, is not void. Mosley v. Manufacturing Co. (1896) 4 Okla. 492, 46 P. 508. It follows that the judgment against the heirs of the deceased person, who were already parties to the suit, would not be void. Gilchrist v. Cannon (Tenn.) 41 Cold. 582; Stackhouse v. Zuntz (La. Ann.) 6 So. 666. The other grounds set out in the petition to vacate asserting that the judgment is void, are without merit. We conclude that the judgment of January 12, 1935, is not void.

4. The petition to vacate was filed during the succeeding term of court. Since we hold that the judgment is not void, the alleged errors can only be considered under some subdivision of section 556, O. S. 1931. Counsel for the guardian do not state under which

subdivision they are proceeding, but an examination of the petition to vacate reveals that the allegations therein could only come within the 3d subdivision, regarding irregularity in obtaining the judgment or order, or the 7th, pertaining to unavoidable casualty or misfortune, preventing the party from prosecuting or defending. The allegation as to the latter is the omission of the probate attorney to look after the interests of the minor as agreed, but it has been held that negligence of the attorney is negligence of the client, and does not constitute unavoidable casualty under subdivision 7 of said section. Vincent v. Kelly (1926) 121 Okla. 302, 249 P. 942. Thus, if we can consider the sufficiency of the evidence, it must be by proper proceedings under subdivision 3.

No motion for new trial was filed, and it is settled in this state, that, unless a motion for new trial is filed in due time and overruled, this court cannot consider the sufficiency of the evidence to vacate a judgment brought under subdivision 4 of section 556, O. S. 1931. Smith v. Smith (1924) 102 Okla. 70, 226 P. 368; Harper v. Rutland Savings Bank (1920) 79 Okla. 274, 192 P. 1101. The same ruling must be applied to subdivision 3 of said section, and as this action is by the guardian, a person sui juris, we cannot consider the merits of the defensive matter alleged in the petition to vacate.

If the judgment of January 12, 1935, is erroneous and does James Monroe an injustice, he is protected under the provisions of sections 431, 547, and subdivision 8 of section 556, O. S. 1931, by instituting proceedings after he reaches his majority. Pfister v. Johnson, supra. Affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and PHELPS, JJ., concur.